# EXHIBIT F

**EXHIBIT F**

# Board of Legislators
## Meeting Agenda



800 Michaelian Office Bldg.
148 Martine Avenue, 8th Floor
White Plains, NY 10601
www.westchesterlegislators.com

| Monday, June 27, 2022 | 7:00 PM | Legislative Chambers |
|---|---|---|

**Regular Meeting**

## CALENDAR 14 (CONSENT)

## CALL TO ORDER

## MINUTES APPROVAL

June 13, 2022 at 7pm

## PUBLIC COMMENT

## PUBLIC HEARING

**1.**      2022-288        **PH-Use of Videoconferencing**

A Public Hearing on "A LOCAL LAW authorizing the use of videoconferencing for members of public bodies of the County's executive branch."  [Public Hearing set for June 27, 2022 at 7:30 p.m.].  LOCAL LAW INTRO: 2022-289.
*Submitted by: COMMITTEE ON LEGISLATION*

**2.**      2022-301        **PH - Videoconferencing for the Board of Legislators**

A Public Hearing on a "Local Law authorizing the use of videoconferencing for members of the County Board, its committees and its subcommittees." [Public Hearing set for June 27, 2022 at 7:30 p.m.].  LOCAL LAW INTRO: 2022-302.
*Submitted by: COMMITTEE ON LEGISLATION*

## UNFINISHED BUSINESS

**1.**      2022-46        **LL - Flood History Disclosure Law**

A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 581 requiring landlords to provide tenants with a flood history disclosure.
*Submitted by: COMMITTEES ON LEGISLATION AND HOUSING*

**2.**      2022-258        **LL - Proposed Clinic Access Legislation**

1

A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*

**3.**　　　2022-265　　　**ENV RES-RCL01-Cranberry Lake Nature Center**

AN ENVIRONMENTAL RESOLUTION determining that there will be no significant adverse impact on the environment from the Amended Bond Act for Capital Project RCL01 - Cranberry Lake Nature Center.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND PARKS & RECREATION*

**4.**　　　2022-266　　　**BOND ACT(Amended)-RCL01-Cranberry Lake Nature Center**

A BOND ACT (Amended) authorizing the issuance of additional bonds of Westchester County in the amount of FOUR MILLION, SIX HUNDRED FIFTY THOUSAND ($4,650,000) DOLLARS to finance Capital Project RCL01 - Cranberry Lake Nature Center.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND PARKS & RECREATION*

# I.  COMMUNICATIONS

### A.  COUNTY EXECUTIVE

**1.**　　　2022-341　　　**APPT-Deferred Compensation Board-Infelice**

A RESOLUTION appointing John Infelice as a CSEA Union member of the Westchester County Deferred Compensation Board for the term May 12, 2022 to December 31, 2025.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**2.**　　　2022-342　　　**APPT-Advisory Council on People with Disabilities-Youn**

A RESOLUTION appointing Renee J. Youn as an at-large member of the Westchester County Advisory Council on People with Disabilities for the term May 12, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**3.**　　　2022-343　　　**APPT-Solid Waste Commission-Fields-Tawil**

A RESOLUTION appointing Jennifer Fields-Tawil as the "individual qualified by experience to serve as a representative of the officials of the local municipalities" member of the Westchester County Solid Waste Commission for the term May 26, 2022 to serve at the pleasure of the County Executive.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**4.**　　　2022-344　　　**APPT-Refuse Disp Dist No 1 Adv Bd-Bush**

A RESOLUTION appointing Damani Bush as a member of the Westchester County Refuse

Disposal District No. 1 Advisory Board for the term May 4, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**5.**    2022-345        **APPT-Fire Advisory Board-Duffelmeyer**

A RESOLUTION appointing Christopher Duffelmeyer as an at-large member of the Westchester County Fire Advisory Board for the term May 12, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**6.**    2022-346        **REAPPT-Community Services Board-Marquesano**

A RESOLUTION reappointing Stephanie Marquesano as a voluntary sector member of the Westchester County Community Services Board for the term March 21, 2022 to December 31, 2025.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**7.**    2022-347        **REAPPT-African American Advisory Board-Abdalla**

A RESOLUTION reappointing Rabab Abdalla as a member of the Westchester County African American Advisory Board for the term February 14, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**8.**    2022-348        **REAPPT-Council for Seniors-Hunter**

A RESOLUTION reappointing Lola Hunter as the District 8 representative member of the Westchester County Council for Seniors for the term May 23, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**9.**    2022-349        **REAPPT-Council for Seniors-Gallelli**

A RESOLUTION reappointing Ann Gallelli as the District 9 representative member of the Westchester County Council for Seniors for the term May 16, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**10.**    2022-350        **ACT-WCHCC-Referral of Syphilis Patients**

AN ACT authorizing the County of Westchester to enter into an agreement with the Westchester County Health Care Corporation for a term commencing January 1, 2022 and terminating December 31, 2026 whereby the County will refer suspected late stage syphilis patients for diagnosis by lumbar puncture.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND HEALTH*


**11.**    2022-351        **ACT-WCHCC-Referral of Dept. of Health Patients**

AN ACT authorizing the County of Westchester to enter into an agreement with the Westchester County Health Care Corporation for a term commencing January 1, 2022 and

terminating December 31, 2026 whereby the County will refer Department of Health patients in need of medical services and treatment, including emergency room services, to the WCHCC.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND HEALTH*

**12.**   2022-353          **BOND ACT-A0099-Airport Natural Gas Pipeline**

A BOND ACT authorizing the issuance of FIVE HUNDRED FIFTY THOUSAND ($550,000) DOLLARS in bonds of Westchester County to finance Capital Project A0099 - Airport Natural Gas Pipeline.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**13.**   2022-355          **PH-Amend Lease Agreement-Brook Shopping Centers, LLC**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW authorizing the County of Westchester, acting by and through the Westchester Community College ("WCC"), to amend the lease agreement with Brooks Shopping Centers, LLC ("Landlord") for space located at the Cross County Shopping Center, Yonkers, in order to authorize an increase of the total amount payable under the Lease by an amount not to exceed NINE HUNDRED THOUSAND ($900,000) DOLLARS for work required by WCC to be able to operate as a 21st century facility."
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**14.**   2022-356          **LOCAL LAW-Amend Lease Agreement-Brooks Shopping Centers, LLC**

A LOCAL LAW authorizing the County of Westchester, acting by and through the Westchester Community College ("WCC"), to amend the lease agreement with Brooks Shopping Centers, LLC ("Landlord") for space located at the Cross County Shopping Center, Yonkers, in order to authorize an increase of the total amount payable under the Lease by an amount not to exceed NINE HUNDRED THOUSAND ($900,000) DOLLARS for work required by WCC to be able to operate as a 21st century facility.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 15.** 2022-363          **BOND ACT-BPL26-1953-Flood Mitigation**

A BOND ACT authorizing the issuance of TWO HUNDRED TWENTY THOUSAND ($220,000) DOLLARS in bonds of Westchester County to finance a component of Capital Project BPL26 - Flood Mitigation.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**SI. 16.** 2022-364          **IMA-BPL26-1953-Flood Mitigation-Briarcliff Manor**

AN ACT authorizing the County of Westchester to enter into an intermunicipal agreement with the Village of Briarcliff Manor in connection with a flood mitigation project (Capital Project BPL26, Unique ID#1953).
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**SI. 17.** 2022-365         **ACT-WCHCC-SAAVE Program-Bilingual Services**

AN ACT authorizing the County of Westchester to enter into an agreement with the Westchester County Health Care Corporation for the term commencing January 1, 2022 through December 31, 2024 pursuant to which the WCHCC shall provide free culturally-competent bilingual services for victims of sexual assault residing in Westchester County.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, HUMAN SERVICES, HUMAN RIGHTS & EQUITY AND HEALTH*

**SI. 18.** 2022-366         **ACT-WCHCC-FACT Program-Forensic Medical Care**

AN ACT authorizing the County of Westchester to enter into an agreement with the Westchester County Health Care Corporation for a term commencing January 1, 2022 through December 31, 2024 pursuant to which the WCHCC shall operate its Forensic Acute Care Team (FACT) Program and provide forensic medical care for children/adolescents and adults.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, HUMAN SERVICES, HUMAN RIGHTS & EQUITY AND HEALTH*

## *B. COUNTY ATTORNEY*

**1.** 2022-359         **ACT - Enter into Agreement - Board of Ethics**

AN ACT authorizing the County to enter into an agreement with Steven G. Leventhal to serve as both independent consultant and special counsel to the Westchester County Board of Ethics for a three (3) year term commencing on August 1, 2022 and continuing through July 31, 2025 for an amount not-to-exceed NINETY THOUSAND ($90,000) DOLLARS.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND LAW & MAJOR CONTRACTS*

**SI. 2.** 2022-367         **ACT - Civil Litigation to Void Lease**

AN ACT authorizing the County of Westchester to settle the pending action County of Westchester v. Proteus On-Demand Facilities, LLC.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND LAW & MAJOR CONTRACTS*

## *C. LEGISLATORS*

**1.** 2022-357         **HON. MARGARET A. CUNZIO - Sewer District Removal - 1 Bristol**

**Place, Chappaqua**

Forwarding correspondence received from the Town of Mt. Pleasant requesting the removal of a parcel of property, One Bristol Place, Chappaqua, from the Westchester County Sewer District.

*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

### D. OTHERS

**1.**      2022-360        **CLERK OF THE BOARD - Airport Advisory Board Resignation**

Forwarding correspondence from Wade Hardy regarding his resignation from the Westchester County Airport Advisory Board.

*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

## II.  NOTICES & PETITIONS

## III.  STANDING COMMITTEES

**1.**      2022-268        **APPT-Asian American Advisory Board-Sato**

A RESOLUTION appointing Koji Sato as a member of the Westchester County Asian American Advisory Board for the term March 7, 2022 to December 31, 2023.

*Submitted by: COMMITTEE ON APPOINTMENTS*

**2.**      2022-269        **APPT-Women's Advisory Board-Schleimer**

A RESOLUTION appointing Karen Schleimer as an at-large member of the Westchester County Women's Advisory Board for the term April 26, 2022 to December 31, 2023.

*Submitted by: COMMITTEE ON APPOINTMENTS*

**3.**      2022-270        **APPT-Advisory Council on People with Disabilities-Hagadus**

A RESOLUTION appointing Francesca Hagadus as a mental health disability advocate member of the Westchester County Advisory Council on People with Disabilities for the term April 26, 2022 to December 31, 2023.

*Submitted by: COMMITTEE ON APPOINTMENTS*

**4.**      2022-271        **APPT-Domestic Violence Council-Lesser**

A RESOLUTION appointing Nicole Furie Lesser as an at-large member of the Westchester County Domestic Violence Council for the term March 8, 2022 to December 31, 2024.

*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**5.**      2022-273        **APPT-Youth Board-Lattimer**

A RESOLUTION appointing Tiffany Lattimer as a member of the Westchester County Youth

Board for the term March 9, 2022 to December 31, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**6.**     2022-278        **REAPPT-Citizen's Consumer Adv Council-Salmon**

A RESOLUTION reappointing Kemesha Salmon as a member of the Westchester County
Citizen's Consumer Advisory Council for the term May 3, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**7.**     2022-289        **LOCAL LAW-Use of Videoconferencing**

A LOCAL LAW authorizing the use of videoconferencing for members of public bodies of the
County's executive branch.
*Submitted by: COMMITTEE ON LEGISLATION*


**8.**     2022-302         **Proposed LL - Videoconferencing for the Board of Legislators**

A LOCAL LAW authorizing the use of videoconferencing for members of the County Board,
its committees and its subcommittees.
*Submitted by: COMMITTEE ON LEGISLATION*


**9.**     2022-306        **CBA-BIT49-Police Record Management System Upgrade**

AN ACT amending the 2022 County Capital Budget Appropriations for Capital Project BIT49 -
Police Record Management System Upgrade.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS
& TRANSPORTATION*


**10.**    2022-307        **BOND ACT-BIT49-Police Record Management System Upgrade**

A BOND ACT authorizing the issuance of THREE MILLION, SEVEN HUNDRED FIFTY
THOUSAND ($3,750,000) DOLLARS in bonds of Westchester County to finance BIT49 -
Police Record Management System Upgrade.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS
& TRANSPORTATION*

**11.**    2022-310        **IMA-County's Firing Range-Kent**

AN ACT authorizing the County of Westchester, acting by and through its Department of
Public Safety, to enter into an inter-municipal agreement with the Town of Kent in order to
have its public safety employees from Kent utilize the County's Firing Range located at the
County's Police Academy in Valhalla, New York, for firearms training.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*


**SI. 12.** 2022-254       **CBA-SY043-Yonkers Joint WWTP-Post Storm Reconst. & Rehab**

AN ACT amending the 2022 County Capital Budget Appropriations for Capital Project
SY043-YJWWTP-Post Storm Reconstruction & Rehabilitation.

Board of Legislators                    Meeting Agenda                    June 27, 2022

*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 13.** 2022-282        **BOND ACT-SPK95-Pumping Station Rehab. Program-Peekskill SSD**

A BOND ACT authorizing the issuance of SEVEN HUNDRED FIFTY THOUSAND ($750,000) DOLLARS in bonds of Westchester County to finance Capital Project SPK96 - Pumping Station Rehabilitation Program - Peekskill SSK.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 14.** 2022-305        **BOND ACT(Amended)-SPS08 & SPS30-North Yonkers Pump Station**

A BOND ACT (Amended) authorizing the issuance of additional bonds of Westchester County in the amount of EIGHT MILLION, FIVE HUNDRED THIRTY-THREE THOUSAND ($8,533,000) DOLLARS to finance two (2) Capital Project which will be consolidated into the Amended Bond Act - Capital Project SPS08 - North Yonkers Pump Station 54" Main Surge Chamber and SPS30 - North Yonkers Pump Station Roof Replacement Program.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 15.** 2022-332        **BOND ACT(Amended)-SOS95-Pump. Station Rehab. Prgm. -Ossining SSD**

A BOND ACT (Amended) authorizing the issuance of bonds of Westchester County in the amount of NINE MILLION ($9,000,000) DOLLARS, which includes ONE MILLION ($1,000,000) DOLLARS in bonds previously authorized to  finance Capital Project SOS95 - Pumping Station Rehabilitation Program - Ossining SSD.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 16.** 2022-333        **BOND ACT-SOS95-Pump. Station Rehab. Prgm.-Ossining SSD**

A BOND ACT authorizing the issuance of TWO MILLION ($2,000,000) DOLLARS in bonds of Westchester County to finance Capital Project SOS95 - Pumping Station Rehabilitation Program Ossining SSD.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 17.** 2022-336        **APPT-Commissioner of Finance-Hablow**

A RESOLUTION appointing Karen Hablow as Commissioner of the Westchester County Department of Finance effective May 31, 2022.
*Submitted by: COMMITTEES ON APPOINTMENTS AND BUDGET & APPROPRIATIONS*

**SI. 18.** 2022-361        **BOND ACT-BPL26-1948-Flood Mitigation**

A BOND ACT authorizing the issuance of ONE HUNDRED THIRTY THOUSAND ($130,000) DOLLARS    in bonds of Westchester County to finance a component of Capital Project BPL26 - Flood Mitigation.
*Submitted by: COMMITTEES ON BUDGET APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*


**SI. 19.**2022-362        **IMA-BPL26-1948-Flood Mitigation-Dobbs Ferry**

AN ACT authorizing the County of Westchester to enter into an intermunicipal agreement with the Village of Dobbs Ferry in connection with a flood mitigation project (Capital Project BPL 26 - Unique ID# 1948).
*Submitted by: COMMITTEES ON BUDGET APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**SI. 20.**2022-368        **RESO - Board Personnel - 2022**

A RESOLUTION amending titles and salary ranges for Board of Legislators' personnel.
*Submitted by: COMMITTEE ON RULES*


**SI. 21.**2022-369        **RESO - Repeal and Replace Chapter 960 - County Board Rules**

A RESOLUTION repealing and replacing Chapter 960 of the Laws of Westchester County.
*Submitted by: COMMITTEE ON RULES*


# IV.  SPECIAL ORDERS

# MOTIONS, RESOLUTIONS & CALL OF THE DISTRICTS

**1.**      2022-354        **Memorial Resolutions 10-2022**

HON. CATHERINE BORGIA AND ALL LEGISLATORS: Itoma Samuels

HON. CATHERINE BORGIA: Robert Rosenbloom

HON. MARGARET A. CUNZIO: Judith A. Ziccolella, Helen Schulz, John Sacchi, Andrew J. Konrad, Richard Anthony Colucci, Robert Parker Spaziante

LEGISLATORS JOHNSON, ALVARADO AND WILLIAMS JOHNSON: Jackie Baker

LEGISLATOR CHRISTOPHER A. JOHNSON: Joyce Harris

HON. JAMES NOLAN AND ALL LEGISLATORS : Alice Betancourt

HON. JAMES NOLAN: Haydee Meling

# ADJOURNMENT

Next Meeting: July 11, 2022 at 7pm.

9

EXHIBIT F

**Board of Legislators**　　　　　　　　**Meeting Agenda**　　　　　　　　**June 27, 2022**

**EXHIBIT F**

TO:  BOARD OF LEGISLATORS
      COUNTY OF WESTCHESTER

     Your Committee recommends passage of "A Local Law adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities."

     Your Committee finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures, are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

     Your Committee notes that concerns have been raised about individuals or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that physically prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services; or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. In fact, for example, on March 17, 2022, three men were found guilty of unlawfully trespassing at All Women's Health & Medical Services, a reproductive health care facility in White Plains, in order to prevent patients from obtaining reproductive health care services on November 27, 2021. These defendants are affiliated with Red Rose Rescue, an anti-abortion activist group that has carried out similar unlawful actions all across the country. Indeed, the perpetrators convicted in White Plains have also apparently been involved in prior similar conduct—each has now been

convicted multiple times of such conduct, and has faced (or is currently facing) criminal charges in some of the following places: Nassau County, New York; Michigan; Pennsylvania; Washington, D.C.; and Virginia. Such activities can impede access to reproductive health care facilities not only for those seeking to obtain reproductive health care services, treatments, and/or procedures, but for providers of those services as well.

Your Committee finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Indeed, although police responded to the incident at All Women's Health on November 27, 2021 roughly 20 minutes after the trespassers entered the facility, swift action was not taken. Despite numerous warnings from the staff and police, the trespassers refused to leave. When an employee of all Women's Health asked the police to take action against the trespassers, the police indicated they needed to await direction from their superiors. More than two hours passed before police removed the trespassers. Inaction by police for over 2 hours demonstrates a need for clear legislative boundaries that provide safe access to reproductive healthcare facilities by staff and patients while also preserving First Amendment rights.

Your Committee finds that in addition to the failure of local law enforcement to act quickly, limited prosecutorial avenues are available under current law. The Westchester County District Attorney's office did not invoke the New York State Clinic Access Act, which gives patients and staff the right to be free from force, threats of force or physical obstruction when trying to obtain or provide reproductive health care, against the defendants involved in the November 27, 2021 incident at All Women's Health. This is despite the fact that one of the defendants clearly communicated to officers their goal of disrupting the facility's operations. In

addition to those defendants convicted of trespass, several protestors swarmed outside of the facility, which disrupted access to the facility and diverted staff resources away from their patient care responsibilities.  Further, on the date of the incident at All Women's Health, Red Rose Rescue indicated they kept track of those who were unable to acquire reproductive health services for the purposes of determining whether those patients attempted to return at a later time.

Your Committee notes that law enforcement officials across the country and at multiple levels of government are preparing for potential unrest in light of the Supreme Court's anticipated decision to overturn *Roe v. Wade.*  An unclassified memo from the U.S. Department of Homeland Security says threats related to the anticipated decision "are likely to persist and may increase leading up to and following the issuing of the Court's official ruling." While the memo warns extremist acts could come from those who are in favor or opposed to abortion rights.

Your Committee notes that even if the Supreme Court does not overturn *Roe* in its entirety, the threat of violence remains prevalent. A May 2021 report on domestic terrorism from the Federal Bureau of Investigation and Department of Homeland Security states changes to abortion laws are a common driver of criminal activity by extremists. The same report also indicates abortion-related violent extremists are among those that present "the greatest threats of violence" and pose a persistent and evolving threat. Abortion-related violent extremists have, in recent years, caused harm and economic damage through criminal acts of property destruction and arson.

Your Committee notes that even before the draft opinion to overturn *Roe* was made public, threats and acts of violence against abortion providers had already increased significantly. A report from the National Abortion Federation shows: a 125% increase in the number of assaults and batteries reported by providers from 2019 to 2020; a rise in the number of death threats and threats of harm against providers, rising from 92 in 2019 to 200 in 2020; and a rise in the number of targeted incidents of hate mail and harassing phone calls reported, from 3,123 in 2019 to 3,413 in 2020.

Your Committee is aware that operators of local reproductive healthcare facilities have invested substantial amounts of money in technology, renovations, and additional staffing to address security concerns, but these investments have been insufficient to preserve access to and maintain peace outside reproductive healthcare facilities. Planned Parenthood Hudson Peconic stated they spent over $2 million to alter the physical layout of their facilities to make accessing them safer for staff and patients. Despite these investments, Planned Parenthood staff and patients have continued to experience harassment. Some recent instances include a protestor and patient escort getting into a physical altercation outside of a facility entrance; and protestors throwing nails and other sharp metal objects on the ground of a reproductive healthcare center's driveway, resulting in flat tires for at least one patient.

Your committee notes present day circumstances are significantly different than those of 2012, when a similar piece of legislation was vetoed. Existing laws have proved insufficient to curtail intimidating and disruptive behavior. The recent Red Rose Rescue incident, the nationwide concerns related to growing threats in the wake of anticipated changes to abortion

rights, and the documented instances of harassment against patients, staff, and protestors demonstrate the need for protective measures that ensure access to reproductive healthcare, maintain public safety, while also preserving First Amendment rights.

Therefore, your Committee has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services within the parameters established by precedent of the United States Supreme Court and the Second Circuit Court of Appeals, in order to: protect and promote the public health, safety, and welfare; ensure order; protect freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property.

Your Committee is advised that this proposed Local Law is modeled upon various federal, state, and municipal laws, including the federal Freedom of Access to Clinic Entrances Act of 1994 ("FACE"), 18 U.S.C. § 248; the New York State Clinic Access Act, N.Y. Penal L. §§ 240.70-240.71, N.Y. Civil Rights L. 79-m; the New York City Access to Reproductive Health Care Facilities Law, N.Y.C. Admin. Code §§ 10-1001, *et seq*.; and Colo. Rev. Stat. § 18-9-122(3) (1999) ("Preventing passage to and from a health care facility – engaging in prohibited activities near facility").

**EXHIBIT F**

Your Committee is further advised that this proposed Local Law, if adopted, would protect persons seeking access to reproductive health care facilities and services both within facilities as well as outside said facilities. The Local Law would prohibit the use or threat of force against, physical obstruction or blocking of, or interference with any person seeking to access reproductive health care facilities or obtaining reproductive health care services. This proposed Local Law would also make it unlawful for any person to strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact, another person seeking access to or exiting from, or obtaining services from, reproductive health care facilities. Additionally, this Local Law will make it unlawful to physically damage or interfere with the operations of any reproductive health care facility.

The proposed law also prohibits engaging in a course of conduct or repeatedly committing acts within 25 feet of the premises of a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, and prohibits following and harassing another person within 25 feet of the premises of a reproductive health care facility and parking lots serving the facility. The acts prohibited within 25 feet of the premises of a reproductive healthcare facility and parking lots serving the facility do not comprise protected speech activity. A protestor's right to demonstrate is not limited by these provisions. Instead, these provisions create a zone of heightened scrutiny for harassing behavior, where those seeking entry into or exit from the facility, and those demonstrating outside of it, will enjoy additional legal protections. As used in the relevant violation section, the meaning of "harass" is derived from New York State Penal Law § 240.26(3), and related interpretations in the case law.

Your committee notes that in analyzing the elements of harassment, federal courts are guided by state court precedent.  The New York State Court of Appeals, *People v. Shack,* found that conduct would not be deemed to have a legitimate purpose if it continues after a request to cease has been made. Further, with respect to reproductive health care facilities, the Second Circuit Court of Appeals, in *New York v. Griepp,* after characterizing the reproductive health context as particularly delicate, stated: "That sidewalk counseling constitutes a legitimate First Amendment activity is irrelevant when conduct at issue persists following a request to cease. … Defendants may have acted with a legitimate purpose in their first attempt to engage a patient, but once a patient makes an explicit or implicit request to be left alone, that legitimate purpose is vitiated."

Your Committee is further advised the proposed Local Law reaffirms the time, place, and manner where speech may occur in relation to the physical location of a reproductive healthcare facility. The proposed local law provides that within a 100-foot radius from any door to a reproductive health care facility, no individual can, in the public way, knowingly approach within eight feet of another person, unless that other person consents, for the purpose of passing any material, item, or object to; displaying a sign to; or engaging in oral protest, education, or counseling with such other person. This provision is designed to not only maintain a person's right to safely access the reproductive healthcare facility, but also ensure there is sufficient physical distance between those seeking to enter the facility and those protesting outside of it, to avoid the potential for physical confrontation. Given the heightened state of unrest, it is imperative that action be taken to avert the potential for violence while still preserving the principles of the First Amendment. Indeed, means of communicating a given viewpoint are not

inhibited because, at a distance of eight feet, signs and leaflets can be seen, and speech can be heard. This provision allows the protester to remain in one place, and those seeking entry to the facility can pass within eight feet of the protester without causing the protester to violate the statute. Thus, the protestor's ability to educate and sidewalk counsel remains intact. Expressing all manner of views is unhindered by this provision so long as the one exercising their First Amendment right does not knowingly pierce the eight-foot safety bubble surrounding the person seeking to enter the facility.

Your Committee notes that the proposed legislation will, if adopted, provide for both criminal penalties and civil remedies for violations of its provisions. Specifically, violation of this Local Law would be a misdemeanor, punishable by fines and/or imprisonment; and aggrieved persons would be authorized to institute civil actions for injunctive relief, damages, attorney's fees, and costs, in any court of competent jurisdiction, including state courts. In addition, the County Attorney would be authorized to commence civil actions for equitable relief.

Your Committee finds that this legislation would expressly ensure that First Amendment rights regarding freedom of speech are protected while, at the same time, provide relief for persons whose rights are interfered with in seeking or delivering reproductive health care services. Indeed, this Local Law does not prohibit conduct normally protected by the First Amendment. However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment. The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or

otherwise run afoul of the law. And to the extent any First Amendment conduct is affected at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

Finally, your Committee is informed that this Local Law does not meet the definition of an action under SEQRA and its implementing regulations 6 NYCRR Part 617. Please refer to the memorandum from the Department of Planning dated January 14, 2022, which is on file with the Clerk of the Board of Legislators.

Your Committee recommends adoption of this Local Law.

Dated: June 6, 2022
White Plains, New York

Legislation                    Health

COMMITTEE ON

**EXHIBIT F**

Dated: June 6, 2022
White Plains, New York

*The following members attended the meeting remotely, as per Chapter 1 of the New York State Laws of 2022*
*and Executive Order 11 and approved this item out of Committee with an affirmative vote. Their electronic*
*signature was authorized and Is below.*

Committee(s) on:

| LEGISLATION COMMITTEE | HEALTH COMMITTEE |
|---|---|

# FISCAL IMPACT STATEMENT

**EXHIBIT F**

| SUBJECT: | Healthcare Access Act | X NO FISCAL IMPACT PROJECTED |
|---|---|---|

## OPERATING BUDGET IMPACT
To Be Completed by Submitting Department and Reviewed by Budget

### SECTION A - FUND

☐ GENERAL FUND          ☐ AIRPORT FUND          ☐ SPECIAL DISTRICTS FUND

### SECTION B - EXPENSES AND REVENUES

**Total Current Year Expense**          $                    -

**Total Current Year Revenue**          $                    -

**Source of Funds** (check one):   ☐ Current Appropriations   ☐ Transfer of Existing Appropriations

☐ Additional Appropriations          ☐ Other (explain)

**Identify Accounts:** _____

_____

**Potential Related Operating Budget Expenses:**     Annual Amount   $            -

    **Describe:** _____

_____

_____

**Potential Related Operating Budget Revenues:**     Annual Amount   $            -

    **Describe:** _____

_____

_____

**Anticipated Savings to County and/or Impact on Department Operations:**

    **Current Year:** _____

    **Next Four Years:** _____

_____

_____

| | | | |
|---|---|---|---|
| **Prepared by:** | Gideon Grande | | |
| **Title:** | Deputy Director | **Reviewed By:** | |
| **Department:** | Budget | **Budget Director** | |
| **Date:** | May 23, 2022 | **Date:** | 5/23/22 |

32

LOCAL LAW INTRO. NO.      - 2022

> A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.

BE IT ENACTED by the County Board of the County of Westchester as follows:

**Section 1**. A new Chapter 425 is hereby added to the Laws of Westchester to read as follows:

## CHAPTER 425

### REPRODUCTIVE HEALTH CARE FACILITIES ACCESS ACT

Sec. 425.01. Short title.
Sec. 425.11. Legislative intent.
Sec. 425.21. Definitions.
Sec. 425.31. Prohibited conduct.
Sec. 425.41. Violations.
Sec. 425.51. Civil cause of action.
Sec. 425.61. Civil action by County of Westchester.
Sec. 425.71. Joint and several liability.
Sec. 425.81. Construction.
Sec. 425.91. Severability.

**Sec. 425.01. Short title.**

This title shall be known as and may be cited as the "Reproductive Health Care Facilities Access Act."

**Sec. 425.11. Legislative intent.**

The County Board of Legislators finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures

are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

The County Board is aware that there are individuals and/or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services, treatments, or procedures, or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. Such activities unlawfully interfere with both the operators of reproductive health care facilities and all individuals seeking free entrance to and egress from such facilities.

The County Board finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, the County Board of Legislators has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services, in order to: protect and promote the public health, safety, and welfare; ensure order; protect the freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property. This proposed Local Law protects persons seeking access to reproductive health care facilities and services both inside facilities as well as outside said

facilities.  The County Board finds that this Local Law does not prohibit conduct normally protected by the First Amendment.  However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment. The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected by this Local Law at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

The County Board has further determined that persons harmed by such interfering conduct should be able to seek redress in the courts, including state courts, for injunctive relief, damages, and attorney's fees and costs, and that the County of Westchester should be able to obtain appropriate injunctive relief under this Local Law.


**Sec. 425.21. Definitions.**

Whenever used in this Chapter, the following words and phrases shall have the meanings indicated, unless the context or subject matter otherwise requires:

a.  "Approach" shall mean to move nearer in distance to someone.

b.  "Eight (8) feet" shall be measured from the part of a person's body that is nearest to the closest part of another person's body, where the term "body" includes any natural or artificial extension of a person, including, but not limited to, an outstretched arm or hand-held sign.

c.  "Harass" shall mean to engage in a course of conduct or repeatedly commit conduct or acts that alarm or seriously annoy another person and which serve no legitimate purpose.

For the purposes of this definition, conduct or acts that serve no legitimate purpose include, but are not limited to, conduct or acts that continue after an express or implied request to cease has been made.

d. "Interfere with" shall mean to restrict a person's freedom of movement, or to stop, obstruct, or prevent, through deceptive means or otherwise.

e. "Intimidate" shall mean to place a person in reasonable apprehension of physical injury to such person or to another person.

f. "Invitee" shall mean an individual who enters another's premises as a result of an express or implied invitation of the owner or occupant for their mutual gain or benefit.

g. "Person" shall mean an individual, corporation, not-for-profit organization, partnership, association, group, or any other entity.

h. "Physically obstruct or block" shall mean to physically hinder, restrain, or impede, or to attempt to physically hinder, restrain or impede, or to otherwise render ingress to or egress from, or render passage to or from the premises of a reproductive health care facility impassable, unreasonably difficult, or hazardous.

i. "Premises of a reproductive health care facility" shall include the driveway, entrance, entryway, or exit of the reproductive health care facility, the building in which such facility is located, and any parking lot in which the facility has an ownership or leasehold interest.

j. "Public parking lot serving a reproductive health care facility" shall mean any public parking lot that serves a reproductive health care facility and that has an entrance or exit located within one-hundred (100) feet of any door to that reproductive health care facility.

36

k.  "Reproductive health care facility" shall mean any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services.

l.  "Reproductive health care services" shall mean medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

**Sec. 425.31. Prohibited conduct.**

It shall be unlawful for any person to do the following:

a.  knowingly physically obstruct or block another person from entering into or exiting from the premises of a reproductive health care facility or a public parking lot serving a reproductive health care facility, in order to prevent that person from obtaining or rendering, or assisting in obtaining or rendering, medical treatment or reproductive health care services; or

b.  strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact or injury any person seeking to legally enter or exit the premises of a reproductive health care facility; or

c.  knowingly follow and harass another person within twenty-five (25) feet of (i) the premises of a reproductive health care facility or (ii) the entrance or exit of a public parking lot serving a reproductive health care facility; or

d.  knowingly engage in a course of conduct or repeatedly commit acts when such behavior places another person in reasonable fear of physical harm, or attempt to do the same,

within twenty-five (25) feet of (i) the premises of a reproductive health care facility or (ii) the entrance or exit of a public parking lot serving a reproductive health care facility; or

e.  by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with, another person in order to discourage such other person or any other person or persons from obtaining or providing, or assisting in obtaining or providing, reproductive health care services; or

f.  by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate or interfere with, another person because such person was or is obtaining or providing, or was or is assisting in obtaining or providing, reproductive health care services; or

g.  physically damage a reproductive health care facility so as to interfere with its operation, or attempt to do the same; or

h.  knowingly interfere with the operation of a reproductive health care facility, or attempt to do the same, by activities including, but not limited to, interfering with, or attempting to interfere with (i) medical procedures or treatments being performed at such reproductive health care facility; (ii) the delivery of goods or services to such reproductive health care facility; or (iii) persons inside the facility; or

i.  knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing any material, item, or object to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.

## Sec. 425.41. Violations.

a.  Any person who shall violate any provision of section 425.31 shall be guilty of a misdemeanor, punishable by a fine not to exceed one thousand dollars ($1,000), or imprisonment not to exceed six (6) months, or both, for a first conviction under section 425.31; and

b.  For a second and each subsequent conviction under section 425.31, the penalty shall be a fine not to exceed five thousand dollars ($5,000), or imprisonment not to exceed one (1) year, or both.

## Sec. 425.51. Civil cause of action.

Where there has been a violation of section 425.31, any person whose ability to access the premises of a reproductive health care facility has been interfered with, and any owner or operator of a reproductive health care facility or owner of a building in which such facility is located, and any employee, paid or unpaid, and any volunteer working for such facility, and any invitee, may bring a civil action in any court of competent jurisdiction, within five years of such violation, for any or all of the following relief: injunctive relief; actual damages suffered as a result of such violation, including, where applicable, pain and suffering, psychological, and emotional distress damages; treble the amount of actual damages suffered as a result of such violation; and attorney's fees and costs.

## Sec. 425.61. Civil action by County of Westchester.

The County Attorney may bring a civil action on behalf of the County, in accordance with the provisions of Sec. 158.11(3) of the Laws of Westchester County, in any court of

competent jurisdiction for injunctive and other appropriate equitable relief in order to prevent or cure a violation of section 425.31.

**Sec. 425.71. Joint and several liability.**

      If it is found, in any action brought pursuant to the provisions of this chapter, that two (2) or more of the named defendants acted in concert pursuant to a common plan or design to violate any provision of section 425.31, such defendants shall each be held jointly and severally liable for any fines or penalties imposed or any damages, costs, and fees awarded.

**Sec. 425.81. Construction.**

a. No provision of this chapter shall be construed or interpreted so as to limit the right of any person or entity to seek other available criminal penalties or civil remedies, including either the Attorney General for the State of New York or the District Attorney for the County of Westchester.

b. No provision of this chapter shall be construed or interpreted so as to prohibit expression protected by the First Amendment of the Constitution of the United States or section eight of article one of the Constitution of the State of New York.

c. No provision of this chapter shall be construed or interpreted so as to limit the lawful exercise of any authority vested in the owner or operator of a reproductive health care facility, the owner of the premises in which such a facility is located, or a law enforcement officer of Westchester County or of any municipality within Westchester County, or of New York State or the United States, acting within the scope of such person's official duties.

Sec. 425.91. Severability.

If any clause, sentence, paragraph, section, or part of this Local Law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section, or part thereof directly involved in the controversy in which such judgment shall have been rendered.

**Section 2.**   This Local Law shall take effect immediately.

SCM-06/04/2022