# EXHIBIT K

**EXHIBIT K**

# Board of Legislators
## Meeting Agenda



800 Michaellan Office Bldg.
148 Martine Avenue, 8th Floor
White Plains, NY 10601
www.westchesterlegislators.com

| Monday, May 23, 2022 | 7:00 PM | Legislative Chambers |
|---|---|---|

**Regular Meeting**

## CALENDAR 12 (CONSENT)

## CALL TO ORDER

## MINUTES APPROVAL

May 9, 2022 at 7pm

## PUBLIC COMMENT

Speakers_____

## PUBLIC HEARING

**1.**     2022-47        **PH - Food Allergy Restaurant Safety Law**

A Public Hearing on "A LOCAL LAW amending the Laws of Westchester County by the addition of a new Chapter 541 concerning Food Allergy Restaurant Safety."  [Public Hearing set for May 23, 2022 at 7:30 p.m.].  LOCAL LAW INTRO 2022-48.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*

Speakers_____
*Please see Standing Committee Item No. 2022-48 for back-up.

**2.**     2022-96        **PH-Greenwich Woods Wastewater Discharge Permit**

A Public Hearing on "A LOCAL LAW amending Section 824.341 of the Laws of Westchester County excepting a Permit for Greenwich Woods Realty LLC and Greenwich Retirement Housing LLC from the three (3) year term limitation for sewage discharge permits."  [Public Hearing set for May 23, 2022 at 7:30 p.m.]  LOCAL LAW INTRO: 2022-98.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

Speakers_____
*Please see Standing Committee Item No. 2022-98 for back-up.

**3.**     2022-158        **PH - Gun Store Warning Label Law**

A Public Hearing on "A LOCAL LAW amending the Laws of Westchester County by adding a

1


| Board of Legislators | Meeting Agenda | May 23, 2022 |
|---|---|---|

new Chapter 529 in relation to the posting of notices warning of the dangers of weapons or firearms."  [Public Hearing set for May 23, 2022 at 7:30 p.m.]  LOCAL LAW INTRO: 2022-159.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*

Speakers_____
*Please see Standing Committee Item No. 2022-159 for back-up.

**4.**   2022-194   **PH-Reporting of Hate Incidents**

A Public Hearing on "A LOCAL LAW amending Chapter 273 of Laws of Westchester County to require local municipal police departments to report all incidents involving conduct, which is or appears to be motivated, all or in part, by a person's actual or perceived membership in a protected class."  [Public Hearing set for May 23, 2022 at 7:30 p.m.].  LOCAL LAW INTRO: 2022-195.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC SAFETY*

Speakers_____
*Please see Standing Committee Item No. 2022-195 for back-up.

## UNFINISHED BUSINESS

## I.  COMMUNICATIONS

### *A.  COUNTY EXECUTIVE*

**1.**   2022-268   **APPT-Asian American Advisory Board-Sato**

A RESOLUTION appointing Koji Sato as a member of the Westchester County Asian American Advisory Board for the term March 7, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**2.**   2022-269   **APPT-Women's Advisory Board-Schleimer**

A RESOLUTION appointing Karen Schleimer as an at-large member of the Westchester County Women's Advisory Board for the term April 26, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**3.**   2022-270   **APPT-Advisory Council on People with Disabilities-Hagadus**

A RESOLUTION appointing Francesca Hagadus as a mental health disability advocate member of the Westchester County Advisory Council on People with Disabilities for the term April 26, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**4.**   2022-271   **APPT-Domestic Violence Council-Lesser**

A RESOLUTION appointing Nicole Furie Lesser as an at-large member of the Westchester

**Board of Legislators**                    **Meeting Agenda**                    **May 23, 2022**

County Domestic Violence Council for the term March 8, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**5.**    2022-272        **APPT-LGBTQ Advisory Board-Watts**

A RESOLUTION appointing Jade Gabrielle-Amanda Watts as a member of the Westchester
County LGBTQ Advisory Board for the term May 6, 2022 to December 31, 2025.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**6.**    2022-273        **APPT-Youth Board-Lattimer**

A RESOLUTION appointing Tiffany Lattimer as a member of the Westchester County Youth
Board for the term March 9, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**7.**    2022-274        **APPT-Citizen's Consumer Advisory Council-Crimmins**

A RESOLUTION appointing Jane Crimmins as the Area 7 representative member of the
Westchester County Citizen's Consumer Advisory Council for the term January 20, 2022 to
December 31, 2022.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**8.**    2022-275        **REAPPT-Police Board-Hood**

A RESOLUTION reappointing Paul S. Hood as a member of the Westchester County Police
Board for the term April 22, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**9.**    2022-276        **REAPPT-Fire Advisory Board-Lyman**

A RESOLUTION reappointing Richard Lyman as a member of the Westchester County Fire
Advisory Board for the term April 22, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**10.**    2022-277        **REAPPT-Fire Advisory Board-Sandor**

A RESOLUTION reappointing Chief Andrew J. Sandor as a member of the Westchester
County Fire Advisory Board for the term April 22, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*


**11.**    2022-278        **REAPPT-Citizen's Consumer Adv Council-Salmon**

A RESOLUTION reappointing Kemesha Salmon as a member of the Westchester County
Citizen's Consumer Advisory Council for the term May 3, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**Board of Legislators**                    **Meeting Agenda**                    **May 23, 2022**

---

**12.**   2022-279        **REAPPT-Probation Advisory Board-Miller**

A RESOLUTION reappointing Carol Miller as a member of the Westchester County Probation Advisory Board for the term April 26, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***


**13.**   2022-280        **REAPPT-Domestic Violence Council-Kanusher**

A RESOLUTION reappointing Cindy Kanusher as a member of the Westchester County Domestic Violence Council for the term March 23, 2022 to December 31, 2024.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***


**14.**   2022-281        **ACT-MOU-Anti-Trafficking Task Force**

AN ACT authorizing the County of Westchester, acting by and through its Department of Social Services and District Attorney's Office, to enter into a Memorandum of Understanding with the Town of Pound Ridge and other partners, for the purpose of memorializing the roles and responsibilities of the co-chairs of the Westchester County Anti-Trafficking Task Force.
***COMMITTEE REFERRAL: COMMITTEES ON PUBLIC SAFETY AND HUMAN SERVICES, HUMAN RIGHTS & EQUITY***


**15.**   2022-282        **BOND ACT-SPK95-Pumping Station Rehab. Program-Peekskill SSD**

A BOND ACT authorizing the issuance of SEVEN HUNDRED FIFTY THOUSAND ($750,000) DOLLARS in bonds of Westchester County to finance Capital Project SPK96 - Pumping Station Rehabilitation Program - Peekskill SSK.
***COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION***


**16.**   2022-283        **BOND ACT(Amended)-SY095-Pumping Station Rehab. Program-So. Yonkers SSD**

A BOND ACT (Amended) authorizing the issuance of additional bonds of Westchester County in the amount of TEN MILLION ($10,000,000) DOLLARS to finance Capital Project SY095 - Pumping Station Rehabilitation Program - South Yonkers SSD.
***COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION***


**SI. 17.** 2022-288        **PH-Use of Videoconferencing**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW authorizing the use of videoconferencing for members of public bodies of the County's executive branch."  [Public Hearing set for _____, 2022 at _____ .m.].  LOCAL LAW INTRO: 2022-289.
***COMMITTEE REFERRAL: COMMITTEE ON LEGISLATION***


**SI. 18.** 2022-289        **LOCAL LAW-Use of Videoconferencing**

A LOCAL LAW authorizing the use of videoconferencing for members of public bodies of the

---

County's executive branch.
*COMMITTEE REFERRAL: COMMITTEE ON LEGISLATION*

**SI. 19.** 2022-294      **ACT-1st Amendment to IMA-Mount Kisco & City of New York**

AN ACT authorizing the County of Westchester to enter into a first amendment to an IMA dated March 29, 1985, among the County, the Town/Village of Mount Kisco, and the City of New York, by and through the Department of Environmental Protection.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**SI. 20.** 2022-295      **ACT-Release from EOH WQIP Fund**

AN ACT authorizing the release and transfer of TWO MILLION, THREE HUNDRED EIGHTY THOUSAND, SIX HUNDRED FORTY-FOUR  ($2,380,644) DOLLARS of the East of Hudson Water Quality Investment Program Fund, for which the County of Westchester is custodian under the 1997 Watershed Memorandum of Agreement, into a County Trust Account for the purpose of distribution to the Town/Village of Mount Kisco.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**SI. 21.** 2022-296      **IMA-Distribute EOH WQIP Funds-Mount Kisco**

AN ACT authorizing the County of Westchester to enter into an inter-municipal agreement with the Town/Village of Mount Kisco in order to distribute funds of the East of Hudson Water Quality Investment Program Fund, for which the County is custodian under the 1997 Watershed Memorandum of Agreement.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**SI. 22.** 2022-297      **ACT-Pay Plan Amendment**

AN ACT amending Act No. 26-1952 as amended, which amended Act. No. 40-1941, entitled "An Act establishing personnel rules in Westchester County service and adopting classification of positions and schedules of pay."
*COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS*

**SI. 23.** 2022-298      **RES-Year-End Transfer Within Various Departments**

A RESOLUTION authorizing the transfer of appropriations within various departments in the amount of EIGHTEEN MILLION, THREE HUNDRED EIGHTY-THREE THOUSAND ($18,383,000) DOLLARS for the 2021 County Budget.
*COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS*

**SI. 24.** 2022-299      **ACT-Year-End Transfers Across County Departments**

AN ACT authorizing the transfer of appropriations across County departments in the amount

of TWENTY-FOUR MILLION, FIVE HUNDRED FOUR THOUSAND ($24,504,000) DOLLARS
for the 2021 County Operating Budget.
*COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS*


**SI. 25.** 2022-300       **ACT-2021 Budget Amendment**

AN ACT authorizing the amendment of the 2021 County Airport Budget in the amount of FIVE
HUNDRED NINETY THOUSAND ($590,000) DOLLARS AND THE 2021 County Special
Districts Budget in the amount of ONE MILLION, FOUR HUNDRED EIGHTEEN THOUSAND
($1,418,000) DOLLARS.
*COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS*


### B.  COUNTY ATTORNEY

2022-290       **ACT - Lawsuit Settlement Robinson v. County of Westchester**

AN ACT authorizing the County Attorney to settle the lawsuit of Lisa A. Robinson v. County of
Westchester, et al, in Westchester County Supreme Court, Index No. 56667/2020, in the
amount of ONE HUNDRED TWENTY-FIVE THOUSAND ($125,000) DOLLARS, inclusive of
attorney's fees.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND LAW &
MAJOR CONTRACTS*


### C.  LEGISLATORS

**1.**       2022-285       **HON. DAVID J. TUBIOLO - Discount/Waive Fees of Pistol Permits
for Law Enforcement**

Forwarding correspondence from Legislator Tubiolo to the Committees on Public Safety and
Legislation recommending the fees of Pistol Permits for Law Enforcement be discounted or
waived.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND PUBLIC SAFETY*


**2.**       2022-286       **HON. JAMES NOLAN - McCullen v Coakley US Supreme Court
Decision (2013)**

Forwarding correspondence from Legislator Nolan to the Committees on Legislation and
Health regarding a United States Supreme Court Decision about violations of freedom of
speech and locations of freedom of speech zones.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HEALTH*


**SI. 3.**  2022-287       **ACT - City of Mount Vernon Summer Basketball Program**

AN ACT authorizing the County of Westchester ("County") to enter into an inter-municipal
agreement with the City of Mount Vernon ("City") pursuant to which the City will provide a
summer basketball program for the period July 5, 2022 through August 12, 2022 for a total
amount not to exceed TWENTY-FIVE THOUSAND, NINE HUNDRED EIGHTY-SEVEN

6

($25,987) DOLLARS.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS & YOUTH*

**SI. 4.**   2022-301     **HON. CATHERINE BORGIA- PH - Videoconferencing for the Board of Legislators**
A RESOLUTION to set a Public Hearing on a "Local Law authorizing the use of videoconferencing for members of the County Board, its committees and its subcommittees." [Public Hearing set for _____, 2022 at _____.m.].  LOCAL LAW INTRO: 2022-302.
*COMMITTEE REFERRAL: COMMITTEE ON LEGISLATION*

**SI. 5.**   2022-302     **HON. CATHERINE BORGIA - Proposed LL - Videoconferencing for the Board of Legislators**
A LOCAL LAW authorizing the use of videoconferencing for members of the County Board, its committees and its subcommittees.
*COMMITTEE REFERRAL: COMMITTEE ON LEGISLATION*

*D. OTHERS*

## II.  NOTICES & PETITIONS

## III.  STANDING COMMITTEES

**1.**   2022-30     **REAPPT-Asian American Advisory Board-Young**

A RESOLUTION reappointing Vincent Young as a member of the Westchester County Asian American Advisory Board for the term September 27, 2021 to December 31, 2022.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**        **VOTE _____**

**2.**   2022-141     **APPT-Assigned Counsel Board of Directors-Warhit**

A RESOLUTION appointing Hon. Barry E. Warhit, J.S.C., as an ex-officio member of the Assigned Counsel Board of Directors effective immediately for a term to expire on February 28, 2025.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**        **VOTE _____**

**3.**   2022-162     **APPT-Youth Board-Jabbour**

A RESOLUTION appointing Isabella Jabbour as a member of the Westchester County Youth Board for the term March 9, 2022 to December 31, 2024.

*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**                    **VOTE _____**

**4.**    2022-163        **APPT-Domestic Violence Council-Choksi**

A RESOLUTION appointing Komal Choksi as an at-large member of the Westchester County Domestic Violence Council for the term March 8, 2022 to December 31, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**                    **VOTE _____**

**5.**    2022-214        **APPT-Assigned Counsel Board of Directors-Bisesi**

A RESOLUTION appointing Alexandra R. Bisesi, Esq., as a member of the Assigned Counsel Board of Directors, for the term March 1, 2022 to February 29, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**                    **VOTE _____**

**6.**    2022-48        **LL - Food Allergy Restaurant Safety Law**

A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 541 in relation to Food Allergy Restaurant Safety.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*

**Local Law Intro No. 48 - 2022**                    **VOTE _____**

**7.**    2022-98        **LOCAL LAW-Greenwich Woods Wastewater Discharge Permit**

A LOCAL LAW amending Section 824.341 of the Laws of Westchester County excepting a Permit for Greenwich Woods Realty LLC and Greenwich Retirement Housing LLC from the three (3) year term limitation for sewage discharge permits.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**Local Law Intro No. 98 - 2022**                    **VOTE _____**

**8.**    2022-159        **LL - Gun Store Warning Label Law**

A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 529 in relation to the posting of notices warning of the dangers of weapons or firearms.
*Submitted by: COMMITTEES ON LEGISLATION, PUBLIC SAFETY AND HEALTH*

**Local Law Intro No. 159 - 2022**                    **VOTE _____**

**9.**    2022-195        **LOCAL LAW-Reporting of Hate Incidents**

A LOCAL LAW amending Chapter 273 of the Laws of Westchester County to require local municipal police departments to report all incidents involving conduct, which is or appears to be motivated, all or in part, by a person's actual or perceived membership in a protected

| Board of Legislators | Meeting Agenda | May 23, 2022 |

class.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC SAFETY*

**Local Law Intro No. 195 - 2022**          **VOTE _____**

**10.**    2022-226    **IMA-Justice Assistance Grant-Yonkers, Mount Vernon, New Rochelle**
AN ACT to authorize the County of Westchester to enter into a four-year inter-municipal agreement with the Cities of Yonkers, Mount Vernon and New Rochelle for the administration of the Edward Byrne Memorial Justice Assistance Grant for 2021.
*Submitted by: BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*


**ACT _____ - 2022**          **VOTE _____**


**11.**    2022-232    **City of New Rochelle National Night Out**

AN ACT authorizing the County to enter into an inter-municipal agreement with the City of New Rochelle ("City"), acting by and through its Police Department, pursuant to which the City will provide its National Night Out program within the period from January 1, 2022 through December 31, 2022 for a total amount not to exceed TWO THOUSAND, FOUR HUNDRED SEVENTY-THREE ($2,473) DOLLARS.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*


**ACT _____ - 2022**          **VOTE _____**

**12.**    2022-263    **ACT-Mortgage Tax Receipts-10-1-21 through 3-31-22**

AN ACT to authorize the Commissioner of the Westchester County Department of Finance to pay Mortgage Tax Receipts to Cities, Towns and Villages.
*Submitted by: COMMITTEE ON BUDGET & APPROPRIATIONS*


**ACT _____ - 2022**          **VOTE _____**

**SI. 13.** 2022-45    **PH - Flood History Disclosure Law**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 581 requiring landlords to provide tenants with a flood history disclosure."  [Public Hearing set for _____, 2022 at _____ .m.]. LOCAL LAW INTRO 2022-46.
*Submitted by: COMMITTEES ON LEGISLATION AND HOUSING*


**RESOLUTION _____ - 2022**          **VOTE _____**


**SI. 14.** 2022-253    **ACT-Amending Civil Service Exam Fees Waiver for Veterans**

AN ACT Amending ACT 2-2004 as amended by ACTS 163-2008 and 211-2014 to provide a waiver of civil service examination application fees for veterans.
*Submitted by: COMMITTEE ON BUDGET & APPROPRIATIONS*

**ACT _____ - 2022**                    **VOTE _____**

**SI. 15.**2022-255        **IMA(Amend)-Add Community Resource Officer-Cortlandt**

AN ACT authorizing the County of Westchester, to retroactively amend its inter-municipal agreement with the Town of Cortlandt, whereby the County, acting by and through its Department of Public Safety Services, provides police services to the Town for a term commencing February 1, 2020 and expiring January 31, 2025, in order to add the services of a County Police Officer, specially trained as a Community Resource Officer.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*

**ACT _____ - 2022**                    **VOTE _____**

**SI. 16.**2022-257        **PH - Clinic Access Legislation**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities."  [Public Hearing set for _____, 2022 at _____ .m.]  LOCAL LAW INTRO 2022-258.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*

**RESOLUTION _____ - 2022**                    **VOTE _____**

**SI. 17.**2022-264        **IMA-Positive Youth Development Programs-Municipalities**

AN ACT authorizing the County of Westchester to enter into inter-municipal agreements with various municipalities for the provision of positive youth development programs.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS AND YOUTH*

**ACT _____ - 2022**                    **VOTE _____**

**SI. 18.**2022-267        **ACT - Claim Settlement against PSH Corp.**

AN ACT authorizing the County Attorney to settle the potential claims and causes of action of the County of Westchester against PSH Corp. in connection with flooring furnished and installed by PSH Corp. on the 9th floor of the Mount Vernon District Office of the County's Department of SociaL Services.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND LAW & MAJOR & CONTRACTS*

**ACT _____ - 2022**                    **VOTE _____**

**SI. 19.**2022-291        **RES - HOME RULE A9670-S8448**

A New York State Home Rule Resolution requesting the enactment of Assembly Bill No. 9670/Senate Bill No. 8448 entitled "AN ACT to amend the retirement and social security law, in relation to providing certain death benefits to correction officers, correction officer-sergeants, correction officer-captains, assistant wardens, associate wardens or

10

wardens employed by Westchester County."
*Submitted by: COMMITTEE ON LEGISLATION*

**\*Please note: This Item was placed directly into committee for immediate consideration.**
**RESOLUTION _____ - 2022            VOTE _____**

# IV.  SPECIAL ORDERS

## MOTIONS, RESOLUTIONS & CALL OF THE DISTRICTS

### 2022-284        Memorial Resolutions 8-2022

HON. MARGARET A. CUNZIO: Julia (Sheila) O'Mahony, Livio Ferrauto, Dr. Charles Carmen Matteo, Alfred "Al" Staffetti, Carl John Schliman

HON. DAMON R. MAHER: John T. Fix, Jr., Marie Menna-Doescher

## ADJOURNMENT

Next Meeting: June 13, 2022 at 7pm

**EXHIBIT K**

TO:    BOARD OF LEGISLATORS
          COUNTY OF WESTCHESTER

Your Committee recommends passage of "A Local Law adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities."

Your Committee finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures, are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

Your Committee notes that concerns have been raised about individuals or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that physically prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services; or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. In fact, for example, on March 17, 2022, three men were found guilty of unlawfully trespassing at All Women's Health & Medical Services, a reproductive health care facility in White Plains, in order to prevent patients from obtaining reproductive health care services on November 27, 2021. These defendants are affiliated with Red Rose Rescue, an anti-abortion activist group that has carried out similar unlawful actions all across the country. Indeed, the perpetrators convicted in White Plains have also apparently been involved in prior similar conduct—each has now been convicted multiple

times of such conduct, and has faced (or is currently facing) criminal charges in some of the following places: Nassau County, New York; Michigan; Pennsylvania; Washington, D.C.; and Virginia. Such activities can impede access to reproductive health care facilities not only for those seeking to obtain reproductive health care services, treatments, and/or procedures, but for providers of those services as well.

Your Committee finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, your Committee has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services within the parameters established by precedent of the United States Supreme Court and the Second Circuit Court of Appeals, in order to: protect and promote the public health, safety, and welfare; ensure order; protect freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property.

Your Committee is advised that this proposed Local Law is modeled upon various federal, state, and municipal laws, including the federal Freedom of Access to Clinic Entrances Act of 1994 ("FACE"), 18 U.S.C. § 248; the New York State Clinic Access Act, N.Y. Penal L. §§ 240.70-240.71, N.Y. Civil Rights L. 79-m; the New York City Access to Reproductive Health Care Facilities Law, N.Y.C. Admin. Code §§ 10-1001, *et seq.*; and Colo. Rev. Stat. § 18-9-

**EXHIBIT K**

122(3) (1999) ("Preventing passage to and from a health care facility – engaging in prohibited activities near facility").

Your Committee is further advised that this proposed Local Law, if adopted, would protect persons seeking access to reproductive health care facilities and services both within facilities as well as outside said facilities. The Local Law would prohibit the use or threat of force against, physical obstruction or blocking of, or interference with any person seeking to access reproductive health care facilities or obtaining reproductive health care services. This proposed Local Law would also make it unlawful for any person to strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact, another person seeking access to or exiting from, or obtaining services from, reproductive health care facilities. The proposed law also prohibits engaging in a course of conduct or repeatedly committing acts within 25 feet of the premises a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, and prohibits following and harassing another person within 25 feet of the premises of a reproductive health care facility.  As used in the relevant violation section, the meaning of "harass" is derived, in part, from New York State Penal Law § 240.26(3) and related interpretations in the case law.  In addition, this Local Law will make it unlawful to physically damage or interfere with the operations of any reproductive health care facility. Further, the proposed Local Law provides that within a 100-foot radius from any door to a reproductive health care facility, no individual can, in the public way, knowingly approach within eight feet of another person, unless that other person consents, for the purpose of passing a leaflet, handbill, food, or liquid to; displaying a sign to; or engaging in oral protest, education,

or counseling with such other person.  This provision applies equally to all, regardless of the content of their speech.

Your Committee notes that the proposed legislation will, if adopted, provide for both criminal penalties and civil remedies for violations of its provisions. Specifically, violation of this Local Law would be a misdemeanor, punishable by fines and/or imprisonment; and aggrieved persons would be authorized to institute civil actions for injunctive relief, damages, attorney's fees, and costs, in any court of competent jurisdiction, including state courts. In addition, the County Attorney would be authorized to commence civil actions for equitable relief.

Your Committee finds that this legislation would expressly ensure that First Amendment rights regarding freedom of speech are protected while, at the same time, provide relief for persons whose rights are interfered with in seeking or delivering reproductive health care services. Indeed, this Local Law does not prohibit conduct normally protected by the First Amendment.  However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment.  The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

EXHIBIT K

Finally, your Committee is informed that this Local Law does not meet the definition of an action under SEQRA and its implementing regulations 6 NYCRR Part 617. Please refer to the memorandum from the Department of Planning dated January 14, 2022, which is on file with the Clerk of the Board of Legislators.

Your Committee recommends adoption of this Local Law.

Dated:            , 2022
White Plains, New York

COMMITTEE ON

SCM-05/16/2022

464

# FISCAL IMPACT STATEMENT                    **EXHIBIT K**

| SUBJECT: | Healthcare Access Act | X NO FISCAL IMPACT PROJECTED |
|---|---|---|

## OPERATING BUDGET IMPACT
To Be Completed by Submitting Department and Reviewed by Budget

### SECTION A - FUND

☐ GENERAL FUND          ☐ AIRPORT FUND          ☐ SPECIAL DISTRICTS FUND

### SECTION B - EXPENSES AND REVENUES

**Total Current Year Expense**       $            -

**Total Current Year Revenue**       $            -

**Source of Funds** (check one):   ☐ Current Appropriations       ☐ Transfer of Existing Appropriations

☐ Additional Appropriations                    ☐ Other (explain)

**Identify Accounts:** _____

_____

**Potential Related Operating Budget Expenses:**     Annual Amount   $        -

    **Describe:** _____

_____

_____

**Potential Related Operating Budget Revenues:**     Annual Amount   $        -

    **Describe:** _____

_____

_____

**Anticipated Savings to County and/or Impact on Department Operations:**

    **Current Year:** _____

_____

    **Next Four Years:** _____

_____

_____

_____

| | | |
|---|---|---|
| **Prepared by:** | Gideon Grande | |
| **Title:** | Deputy Director | **Reviewed By:** _(signature)_ |
| **Department:** | Budget | **Budget Director** |
| **Date:** | May 23, 2022 | **Date:** 5/23/22 |

465

EXHIBIT K

LOCAL LAW INTRO. NO.      - 2022

A LOCAL LAW adding Chapter 425
to the Laws of Westchester County to
ensure safe access to reproductive
health care facilities.

BE IT ENACTED by the County Board of the County of Westchester as follows:

**Section 1**. A new Chapter 425 is hereby added to the Laws of Westchester to read as follows:

## CHAPTER 425

### REPRODUCTIVE HEALTH CARE FACILITIES ACCESS ACT

**Sec. 425.01. Short title.**
**Sec. 425.11. Legislative intent.**
**Sec. 425.21. Definitions.**
**Sec. 425.31. Prohibited conduct.**
**Sec. 425.41. Violations.**
**Sec. 425.51. Civil cause of action.**
**Sec. 425.61. Civil action by County of Westchester.**
**Sec. 425.71. Joint and several liability.**
**Sec. 425.81. Construction.**
**Sec. 425.91. Severability.**

**Sec. 425.01. Short title.**

This title shall be known as and may be cited as the "Reproductive Health Care Facilities

Access Act."

**Sec. 425.11. Legislative intent.**

The County Board of Legislators finds that the right to access reproductive health care

facilities and the right to obtain reproductive health care services, treatments, and/or procedures

EXHIBIT K

are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

The County Board is aware that there are individuals and/or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services, treatments, or procedures, or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. Such activities unlawfully interfere with both the operators of reproductive health care facilities and all individuals seeking free entrance to and egress from such facilities.

The County Board finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, the County Board of Legislators has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services, in order to: protect and promote the public health, safety, and welfare; ensure order; protect the freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property. This proposed Local Law protects persons seeking access to reproductive health care facilities and services both inside facilities as well as outside said

2

**EXHIBIT K**

facilities.  The County Board finds that this Local Law does not prohibit conduct normally protected by the First Amendment.  However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment. The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected by this Local Law at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

The County Board has further determined that persons harmed by such interfering conduct should be able to seek redress in the courts, including state courts, for injunctive relief, damages, and attorney's fees and costs, and that the County of Westchester should be able to obtain appropriate injunctive relief under this Local Law.

### Sec. 425.21. Definitions.

Whenever used in this Chapter, the following words and phrases shall have the meanings indicated, unless the context or subject matter otherwise requires:

a. "Approach" shall mean to move nearer in distance to someone.

b. "Eight (8) feet" shall be measured from the part of a person's body that is nearest to the closest part of another person's body, where the term "body" includes any natural or artificial extension of a person, including, but not limited to, an outstretched arm or hand-held sign.

468

**EXHIBIT K**

c. "Harass" shall mean to engage in a course of conduct or repeatedly commit acts that alarm or seriously annoy another person, where such conduct continues after a request to cease has been made.

d. "Interfere with" shall mean to stop or to restrict a person's freedom of movement.

e. "Intimidate" shall mean to place a person in reasonable apprehension of physical injury to such person or to another person.

f. "Invitee" shall mean an individual who enters another's premises as a result of an express or implied invitation of the owner or occupant for their mutual gain or benefit.

g. "Person" shall mean an individual, corporation, not-for-profit organization, partnership, association, group, or any other entity.

h. "Physically obstruct or block" shall mean to physically hinder, restrain, or impede, or to attempt to physically hinder, restrain or impede, or to otherwise render ingress to or egress from, or render passage to or from the premises of a reproductive health care facility impassable, unreasonably difficult, or hazardous.

i. "Premises of a reproductive health care facility" shall include the driveway, entrance, entryway, or exit of the reproductive health care facility, the building in which such facility is located, any parking lot in which the facility has an ownership or leasehold interest, and the entrance to any public parking lot that serves the reproductive health care facility and is located within one-hundred (100) feet of any door to that reproductive health care facility.

j. "Reproductive health care facility" shall mean any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services.

4

**EXHIBIT K**

k. "Reproductive health care services" shall mean medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

**Sec. 425.31. Prohibited conduct.**

It shall be unlawful for any person to do the following:

a. knowingly physically obstruct or block another person from entering into or exiting from the premises of a reproductive health care facility, in order to prevent that person from obtaining or rendering, or assisting in obtaining or rendering, medical treatment or reproductive health care services; or

b. strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact or injury any person seeking to legally enter or exit the premises of a reproductive health care facility; or

c. knowingly follow and harass another person within twenty-five (25) feet of the premises of a reproductive health care facility; or

d. knowingly engage in a course of conduct or repeatedly commit acts within twenty-five (25) feet of the premises of a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, or attempt to do the same; or

e. by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with, another person in order to discourage such other person or any other person or persons from obtaining or providing, or assisting in obtaining or providing, reproductive health care services; or

5

470

f.  by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate or interfere with, another person because such person was or is obtaining or providing reproductive health care services; or

g.  physically damage a reproductive health care facility so as to interfere with its operation, or attempt to do the same; or

h.  knowingly interfere with the operation of a reproductive health care facility, or attempt to do the same, by activities including, but not limited to, interfering with, or attempting to interfere with (i) medical procedures or treatments being performed at such reproductive health care facility; (ii) the delivery of goods or services to such reproductive health care facility; or (iii) persons inside the facility; or

i.  knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing a leaflet or handbill or food or liquid to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.

## Sec. 425.41. Violations.

a.  Any person who shall violate any provision of section 425.31 shall be guilty of a misdemeanor, punishable by a fine not to exceed one thousand dollars ($1,000), or imprisonment not to exceed six (6) months, or both, for a first conviction under section 425.31; and

471

b. For a second and each subsequent conviction under section 425.31, the penalty shall be a fine not to exceed five thousand dollars ($5,000), or imprisonment not to exceed one (1) year, or both.

**Sec. 425.51. Civil cause of action.**

Where there has been a violation of section 425.31, any person whose ability to access the premises of a reproductive health care facility has been interfered with, and any owner or operator of a reproductive health care facility or owner of a building in which such facility is located, and any employee, paid or unpaid, and any volunteer working for such facility, and any invitee, may bring a civil action in any court of competent jurisdiction, within five years of such violation, for any or all of the following relief: injunctive relief; actual damages suffered as a result of such violation, including, where applicable, pain and suffering, psychological, and emotional distress damages; treble the amount of actual damages suffered as a result of such violation; and attorney's fees and costs.

**Sec. 425.61. Civil action by County of Westchester.**

The County Attorney may bring a civil action on behalf of the County, in accordance with the provisions of Sec. 158.11(3) of the Laws of Westchester County, in any court of competent jurisdiction for injunctive and other appropriate equitable relief in order to prevent or cure a violation of section 425.31.

**Sec. 425.71. Joint and several liability.**

If it is found, in any action brought pursuant to the provisions of this chapter, that two (2) or more of the named defendants acted in concert pursuant to a common plan or design to violate

any provision of section 425.31, such defendants shall each be held jointly and severally liable for any fines or penalties imposed or any damages, costs, and fees awarded.

**Sec. 425.81. Construction.**

a.  No provision of this chapter shall be construed or interpreted so as to limit the right of any person or entity to seek other available criminal penalties or civil remedies, including either the Attorney General for the State of New York or the District Attorney for the County of Westchester.

b.  No provision of this chapter shall be construed or interpreted so as to prohibit expression protected by the First Amendment of the Constitution of the United States or section eight of article one of the Constitution of the State of New York.

c.  No provision of this chapter shall be construed or interpreted so as to limit the lawful exercise of any authority vested in the owner or operator of a reproductive health care facility, the owner of the premises in which such a facility is located, or a law enforcement officer of Westchester County or of any municipality within Westchester County, or of New York State or the United States, acting within the scope of such person's official duties.

**Sec. 425.91. Severability.**

If any clause, sentence, paragraph, section, or part of this Local Law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section, or part thereof directly involved in the controversy in which such judgment shall have been rendered.

**Section 2.** This Local Law shall take effect immediately.

SCM-05/16/2022