# EXHIBIT L

# Legislation
## Meeting Agenda



Committee Chair: Colin Smith

800 Michaellan Office Bldg.
148 Martine Avenue, 8th Floor
White Plains, NY 10601
www.westchesterlegislators.com

| **Wednesday, June 1, 2022** | **1:00 PM** | **Committee Room** |

### CALL TO ORDER

Joint with the Committee on Health

### MINUTES APPROVAL

### I. ITEMS FOR DISCUSSION

2022-258  **HON. BORGIA, SHIMSKY, BARR, JOHNSON, ALVARADO, SMITH, PIERCE, GASHI, BOYKIN, PARKER, WILLIAMS JOHNSON, MAHER, CLEMENTS, WOODSON-SAMUELS - LL - Proposed Clinic Access Legislation**

A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HEALTH*

Guests: Department of Law - John Nonna, County Attorney, Stacey Dolgin-Kmetz, Chief Deputy County Attorney, Shawna MacLeod, Senior Assistant County Attorney; New York Civil Liberties Union: Hudson Valley Chapter - Shannon Wong, Director; Pace University - Emily Waldman, Professor of Law/Associate Dean for Faculty at Elisabeth Haub School of Law; Fordham University School of Law & Brown University - Corey Brettschneider, Professor

### II. OTHER BUSINESS

### III. RECEIVE & FILE

### ADJOURNMENT

LOCAL LAW INTRO. NO.      - 2022

A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.

BE IT ENACTED by the County Board of the County of Westchester as follows:

**Section 1**. A new Chapter 425 is hereby added to the Laws of Westchester to read as follows:

## CHAPTER 425

## REPRODUCTIVE HEALTH CARE FACILITIES ACCESS ACT

**Sec. 425.01. Short title.**
**Sec. 425.11. Legislative intent.**
**Sec. 425.21. Definitions.**
**Sec. 425.31. Prohibited conduct.**
**Sec. 425.41. Violations.**
**Sec. 425.51. Civil cause of action.**
**Sec. 425.61. Civil action by County of Westchester.**
**Sec. 425.71. Joint and several liability.**
**Sec. 425.81. Construction.**
**Sec. 425.91. Severability.**

**Sec. 425.01. Short title.**

This title shall be known as and may be cited as the "Reproductive Health Care Facilities Access Act."

**Sec. 425.11. Legislative intent.**

The County Board of Legislators finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures

1

2

are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

The County Board is aware that there are individuals and/or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services, treatments, or procedures, or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. Such activities unlawfully interfere with both the operators of reproductive health care facilities and all individuals seeking free entrance to and egress from such facilities.

The County Board finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, the County Board of Legislators has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services, in order to: protect and promote the public health, safety, and welfare; ensure order; protect the freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property. This proposed Local Law protects persons seeking access to reproductive health care facilities and services both inside facilities as well as outside said

facilities. The County Board finds that this Local Law does not prohibit conduct normally protected by the First Amendment. However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment. The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected by this Local Law at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

      The County Board has further determined that persons harmed by such interfering conduct should be able to seek redress in the courts, including state courts, for injunctive relief, damages, and attorney's fees and costs, and that the County of Westchester should be able to obtain appropriate injunctive relief under this Local Law.

**Sec. 425.21. Definitions.**

      Whenever used in this Chapter, the following words and phrases shall have the meanings indicated, unless the context or subject matter otherwise requires:

a. "Approach" shall mean to move nearer in distance to someone.
b. "Eight (8) feet" shall be measured from the part of a person's body that is nearest to the closest part of another person's body, where the term "body" includes any natural or artificial extension of a person, including, but not limited to, an outstretched arm or hand-held sign.

c. "Harass" shall mean to engage in a course of conduct or repeatedly commit acts that alarm or seriously annoy another person, where such conduct continues after a request to cease has been made.

d. "Interfere with" shall mean to restrict a person's freedom of movement, or to stop, obstruct, or prevent, through deceptive means or otherwise.

e. "Intimidate" shall mean to place a person in reasonable apprehension of physical injury to such person or to another person.

f. "Invitee" shall mean an individual who enters another's premises as a result of an express or implied invitation of the owner or occupant for their mutual gain or benefit.

g. "Person" shall mean an individual, corporation, not-for-profit organization, partnership, association, group, or any other entity.

h. "Physically obstruct or block" shall mean to physically hinder, restrain, or impede, or to attempt to physically hinder, restrain or impede, or to otherwise render ingress to or egress from, or render passage to or from the premises of a reproductive health care facility impassable, unreasonably difficult, or hazardous.

i. "Premises of a reproductive health care facility" shall include the driveway, entrance, entryway, or exit of the reproductive health care facility, the building in which such facility is located, any parking lot in which the facility has an ownership or leasehold interest, the entrance or exit of any public parking lot that serves the reproductive health care facility and is located within one-hundred (100) feet of any door to that reproductive health care facility, and the roadway or other accessway between (i) any door to the reproductive health care facility and (ii) the entrance or exit of a parking lot within one-

4

hundred (100) feet of any door to the reproductive health care facility that serves the reproductive health care facility.

j. "Reproductive health care facility" shall mean any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services.

k. "Reproductive health care services" shall mean medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

**Sec. 425.31. Prohibited conduct.**

It shall be unlawful for any person to do the following:

a. knowingly physically obstruct or block another person from entering into or exiting from the premises of a reproductive health care facility, in order to prevent that person from obtaining or rendering, or assisting in obtaining or rendering, medical treatment or reproductive health care services; or

b. strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact or injury any person seeking to legally enter or exit the premises of a reproductive health care facility; or

c. knowingly follow and harass another person within twenty-five (25) feet of the premises of a reproductive health care facility; or

d. knowingly engage in a course of conduct or repeatedly commit acts within twenty-five (25) feet of the premises of a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, or attempt to do the same; or

e. <u>by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with, another person in order to discourage such other person or any other person or persons from obtaining or providing, or assisting in obtaining or providing, reproductive health care services; or</u>

f. <u>by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate or interfere with, another person because such person was or is obtaining or providing reproductive health care services; or</u>

g. <u>physically damage a reproductive health care facility so as to interfere with its operation, or attempt to do the same; or</u>

h. <u>knowingly interfere with the operation of a reproductive health care facility, or attempt to do the same, by activities including, but not limited to, interfering with, or attempting to interfere with (i) medical procedures or treatments being performed at such reproductive health care facility; (ii) the delivery of goods or services to such reproductive health care facility; or (iii) persons inside the facility; or</u>

i. <u>knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing a leaflet, handbill, food, liquid, or other object to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.</u>

**Sec. 425.41. Violations.**

a. Any person who shall violate any provision of section 425.31 shall be guilty of a misdemeanor, punishable by a fine not to exceed one thousand dollars ($1,000), or imprisonment not to exceed six (6) months, or both, for a first conviction under section 425.31; and

b. For a second and each subsequent conviction under section 425.31, the penalty shall be a fine not to exceed five thousand dollars ($5,000), or imprisonment not to exceed one (1) year, or both.

**Sec. 425.51. Civil cause of action.**

Where there has been a violation of section 425.31, any person whose ability to access the premises of a reproductive health care facility has been interfered with, and any owner or operator of a reproductive health care facility or owner of a building in which such facility is located, and any employee, paid or unpaid, and any volunteer working for such facility, and any invitee, may bring a civil action in any court of competent jurisdiction, within five years of such violation, for any or all of the following relief: injunctive relief; actual damages suffered as a result of such violation, including, where applicable, pain and suffering, psychological, and emotional distress damages; treble the amount of actual damages suffered as a result of such violation; and attorney's fees and costs.

**Sec. 425.61. Civil action by County of Westchester.**

The County Attorney may bring a civil action on behalf of the County, in accordance with the provisions of Sec. 158.11(3) of the Laws of Westchester County, in any court of

competent jurisdiction for injunctive and other appropriate equitable relief in order to prevent or cure a violation of section 425.31.

**Sec. 425.71. Joint and several liability.**

If it is found, in any action brought pursuant to the provisions of this chapter, that two (2) or more of the named defendants acted in concert pursuant to a common plan or design to violate any provision of section 425.31, such defendants shall each be held jointly and severally liable for any fines or penalties imposed or any damages, costs, and fees awarded.

**Sec. 425.81. Construction.**

a. No provision of this chapter shall be construed or interpreted so as to limit the right of any person or entity to seek other available criminal penalties or civil remedies, including either the Attorney General for the State of New York or the District Attorney for the County of Westchester.

b. No provision of this chapter shall be construed or interpreted so as to prohibit expression protected by the First Amendment of the Constitution of the United States or section eight of article one of the Constitution of the State of New York.

c. No provision of this chapter shall be construed or interpreted so as to limit the lawful exercise of any authority vested in the owner or operator of a reproductive health care facility, the owner of the premises in which such a facility is located, or a law enforcement officer of Westchester County or of any municipality within Westchester County, or of New York State or the United States, acting within the scope of such person's official duties.

**Sec. 425.91. Severability.**

If any clause, sentence, paragraph, section, or part of this Local Law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section, or part thereof directly involved in the controversy in which such judgment shall have been rendered.

**Section 2.**  This Local Law shall take effect immediately.

SCM-05/25/2022