

A national public interest law firm defending life, family and religious liberty.

August 26, 2022

Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: **Jane Doe, et al. v. County of Westchester, et al.**
**Case No. 7:22-cv-6950 PMH**

Dear Judge Halpern:

Plaintiffs intend to file a motion for leave to submit an oversized Memorandum of Law in support of their Motion for Preliminary Injunction in order to adequately address the factual and legal complexity of their pre-enforcement challenge to Defendants' speech-chilling "Reproductive Health Care Facilities Access Act" (Chapter 425 of the Laws of Westchester County). Plaintiffs seek **an additional eight pages** beyond the 25-page limit under the Local Rules, for a **total of 33 pages**. The necessity of such additional pages will be more amply discussed in a short supporting memorandum of law, but in summary it includes the following:

- Chapter 425 contains seven discrete statutory restrictions on speech that rely on 12 different specially defined terms and phrases. Together they entirely restrict and/or chill Plaintiffs' pro-life sidewalk counseling and advocacy in Westchester County, on pain of jail and financial penalty. Plaintiffs are thus compelled to seek a preliminary injunction against each of the seven challenged prohibitions both on their face and as-applied—and must accordingly explain how each provision and incorporated term-of-art restricts their speech—to adequately protect the "breathing space" afforded to their pro-life sidewalk counseling and advocacy under the First Amendment.

- In explaining how each restriction at least "arguably" applies to their speech for purposes of this pre-enforcement challenge, Plaintiffs must also explain the complicated substantive and procedural

history in *New York v. Griepp*, 991 F.3d 81 (2d Cir. 2021), *reh'g granted and opinion vacated sub nom. People v. Griepp*, 997 F.3d 1258 (2d Cir. 2021), and *on reh'g sub nom. New York by Hames v. Griepp*, 11 F.4th 174 (2d Cir. 2021). The Westchester County Board of Legislators expressly relied on *Griepp*, 991 F.3d 81 ("*Griepp I*") as a direct basis for adopting the challenged provisions in Chapter 425. *Griepp I* held that the federal FACE Act, 18 U.S.C. § 248, could be applied to quintessential pro-life speech such as leafletting, holding a sign, and continued speech after an "implied request" to cease. But upon a petition for rehearing or rehearing en banc, *Griepp I* was entirely vacated by *Griepp*, 997 F.3d 1258 ("*Griepp II*"). Thus Chapter 425 is derived in large part from a legal nullity, but must nonetheless be understood in light of *Griepp I*.

- Relatedly, Plaintiffs' explanation of their pre-enforcement standing must also explain how Chapter 425's complex provisions and procedural history are already chilling their speech.

- Plaintiffs also need additional pages to adequately and thoroughly explain how each of Chapter 425's *seven* challenged provisions violates one or more of *eight* complex Free Speech doctrines, including vagueness (facially and as applied), overbreadth, four different principles of content-based-speech-restriction analysis (including in light of the Supreme Court's most recent decision on the matter in *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464 (2022)), strict scrutiny, and the intermediate scrutiny requirements for even content-neutral restrictions on speech in a traditional public forum.

- In addition to discussing these eight First Amendment principles, Plaintiffs must also explain how Chapter 425's "bubble zone" provision violates the Free Exercise Clause under the Supreme Court's most recent jurisprudence on the test required for determining whether a religious burden is "neutral and generally applicable."

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King

- Without the requested additional pages, Plaintiffs submit that they cannot adequately or zealously explain how Chapter 425's seven challenged provisions violate nine principles of constitutional law, and how they are already chilling their pro-life speech—especially in light of the County's reliance on *Griepp I*. Of course, Plaintiffs automatically consent to allowing an equal amount of additional pages in Defendants' respective responses.

Respectfully submitted,

s/  Christopher A. Ferrara
Christopher A. Ferrara
Special Counsel – Thomas More Society
148-29 Cross Island Parkway
Whitestone, Queens, New York 11357
Telephone: 718-357-1040
cferrara@thomasmoresociety.org
*Counsel for Plaintiffs*

c: Fredrick Sullivan  (counsel for County defendants)
   Brian Powers (counsel for City of New Rochelle)
   John Callahan (for the City of White Plains)

P.S.    I respectfully request that any pre-motion conference on in this matter, or on the other two pre-motion conference requests, be scheduled for a date other than September 8-9, when I will be traveling to an advertised conference I am addressing in Illinois, and September 16, when I have a longstanding binding personal commitment.

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King