

George Latimer
County Executive

John M. Nonna
County Attorney

September 2, 2022

Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, NY 10601
*Via ECF*

    Re:    <u>*Doe v. County of Westchester, et al.*, 22-cv-06950 (PMH)</u>

Dear Judge Halpern:

    I am the County Attorney for the County of Westchester. I have appeared for the County of Westchester, George Latimer, Westchester County Department of Public Safety, and Terrance Raynor (collectively, "County Defendants") for the limited purpose of responding to several pre-motion letters filed by the Plaintiffs in this matter. As noted in my notice of appearance, the County Defendants have not been served with the summons and complaint and have not consented to jurisdiction in this matter.

    I respectfully submit the following opposition to the Plaintiffs' request for a pre-motion conference to file under pseudonym. Plaintiffs have not met their significant burden of demonstrating exceptional circumstances that would allow them to proceed anonymously in this case. Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to the action. This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). Thus, "[f]ederal court proceedings and records presumptively are public absent a showing of exceptional circumstances." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021).

    "District Courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs" both "any prejudice to the opposing party and 'the customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Id.* at 526-27 (quoting *Sealed Plaintiff*, 537 F.3d at 189). In *Sealed Plaintiff*, the Second Circuit Court of Appeals identified a "non-exhaustive" list of ten (10) factors that district courts should consider in determining whether a litigant can proceed under pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . .; (3) whether identification presents other harms and the likely severity of those harms . . .; (4) whether the

plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [their] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (internal citations and quotation marks omitted). This Court recently applied these factors in *Doe v Juan Gonzalez Agency Corp.*, No. 21-CV-00610 (PMH), 2022 U.S. Dist. LEXIS 138996 (S.D.N.Y. Aug. 4, 2022), in granting a motion to compel plaintiff to use her real name in the case caption.

As in *Juan Gonzalez Agency*, district courts must use their discretion when applying this factor-driven balancing inquiry and weighing the competing interests. *Sealed Plaintiff*, 537 F.3d at 190. However, the burden is on the party seeking to proceed pseudonymously "to rebut the presumption of public access." *Doe 1 v. Branca USA, Inc.*, No. 22-CV-03806 (LJL), 2022 U.S. Dist. LEXIS 124177, at *13 (S.D.N.Y. July 13, 2022).

In the matter at bar, Plaintiffs have failed to demonstrate specific factors that establish how their privacy interests outweigh "the presumption in favor of open trial and against any potential prejudice to defendants." *Anonymous v. Lerner*, 124 A.D.3d 487 (1st Dep't 2015). Notably, Plaintiffs are seeking to proceed pseudonymously in a challenge to a County law, while simultaneously proclaiming their intent to continue their advocacy efforts in the public sphere. This proposition contradicts all allegations of fear or potential risk of harm, as Plaintiffs claim they ultimately want to express themselves in public—where they would face the same risks they purport to fear as litigants. When Plaintiffs publicly advocate, their identities are exposed to the public at large, and they may potentially experience any of the harms listed in their letter.

Plaintiffs' letter is filled with speculative conclusions about the severity of the harm that could befall them if their identities are disclosed, erroneously listing the harms of other individuals as a proxy for the distress they claim they will personally experience if not allowed to proceed pseudonymously. But the individuals cited in Plaintiffs' letter as being the subject of harms are not analogous figures— nowhere do Plaintiffs cite a harm to an individual litigant or protestor on the street. Rather, Plaintiffs cite harms to Justices of the Supreme Court and the head of a legal organization that has taken on a national role in anti-abortion politics.

Further, conjecture that merely references the potential for public humiliation and embarrassment are insufficient grounds for allowing a plaintiff to proceed anonymously. *Doe v. Hochul*, No. 21-cv-5067 (AMD) (TAM), 2022 U.S. Dist. LEXIS 49960, at *16 (E.D.N.Y. Mar. 18, 2022) (Merkl, M.J.) (Mem. & Order). Plaintiffs' conclusory statements here do "not suffice to overcome the presumption of identification in judicial proceedings, 'absent more direct evidence linking disclosure of [Plaintiffs'] name[s] to a specific physical or mental injury.'" *Id.* (quoting *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 U.S. Dist. LEXIS 114919, at *2 (S.D.N.Y. July 10, 2019)).

Moreover, proceeding pseudonymously will prejudice the Defendants as there will be an inherent asymmetry in conducting discovery. "Where a case involves potential publicity, asymmetry as to information and witnesses can occur because—with one party anonymous—'information about only one side may . . . come to light' as a result." *Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 U.S. Dist. LEXIS 100895, at *13-14 (S.D.N.Y. June 6, 2022) (quoting *Rapp*, 537 F. Supp. 3d at 531). Additionally, the Defendants will be prejudiced in finding witnesses that may otherwise not come forward if they do not know the parties involved, should this case proceed to discovery or to a preliminary injunction hearing. *Id.* This is particularly important as Plaintiffs have asserted an "as-applied" challenge to the County's law, and thus rebutting Plaintiffs' characterizations of their actions outside of clinics can be critical. Allowing Plaintiffs to proceed anonymously, Defendants "will be prejudiced in their ability to call third-party witnesses." *Juan Gonzales Agency*, 2022 U.S. Dist. LEXIS 138996, at *13

The balancing of the factors weighs against proceeding pseudonymously. The public has a significant interest in open and transparent judicial proceedings, especially proceedings involving constitutional challenges to an existing law of the County, and the Defendants would be prejudiced if the Plaintiffs were to proceed anonymously. Accordingly, the Defendants respectfully request that the application by the Plaintiffs for a pre-motion conference for a motion to file pseudonymously be denied. Alternatively, the Defendants respectfully request that the Court schedule a pre-motion conference or set a briefing schedule regarding Plaintiffs' proposed motion

Thank you for Your Honor's attention to this matter.

Sincerely,

*John M. Nonna*

John M. Nonna
Westchester County Attorney


Cc:   Christopher A. Ferrara (via ECF)
      Brian Powers (via e-mail)
      John Callahan (via e-mail)