UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE and SALLY ROE,

                     Plaintiffs,

    – against –

COUNTY OF WESTCHESTER, *et al.*,

                    Defendants.

22-cv-6950 (PMH)

# COUNTY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*
Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601

*Attorneys of Record*:
John M. Nonna, Esq.
Justin R. Adin, Esq.
Shawna C. MacLeod, Esq.
Alida L. Marcos, Esq.

TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................... 1

**FACTUAL BACKGROUND** .............................................................................................. 1

**ARGUMENT - PLAINTIFFS' PURPORTED PRIVACY INTERESTS DO NOT OVERCOME THE PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS** ...................................................................................................... 2

    A. Plaintiffs Have Not Shown That the Litigation Involves Matters That Are of a Highly Sensitive and Personal Nature ............................................................................................. 3

    B. Plaintiffs Have Not Shown a Specific Risk of Retaliatory Physical or Mental Harm; That Identification Would Result in Other Harms; or That They Are Particularly Vulnerable to Harm ................................................................................................................ 5

    C. Defendants Will Be Prejudiced if Plaintiffs Are Allowed to Proceed Anonymously, Even if There is a Confidentiality Agreement ..................................................................... 7

    D. Plaintiffs Have Not Shown That Their Identity Has Been Kept Confidential ............. 9

    E. The Public's Interest in the Litigation Is Furthered by Requiring Plaintiffs to Disclose Their Identities as the Constitutional Challenge May Be Fact Specific and Involves a Heavily Contested Area of the Law That Has a Strong Public Interest .............................. 9

    F. There Are Alternative Mechanisms for Protecting the Confidentiality of the Plaintiffs ............................................................................................................................. 10

**CONCLUSION** ................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601 (HBP), 2015 U.S. Dist. LEXIS 153200 (S.D.N.Y. Nov. 12, 2015) ................................................................... 10

*Allentown Women's Ctr., Inc. v. Sulpizio*, 19-cv-1571, ECF No. 72 (E.D. Pa. July 8, 2019) ........ 4

*Doe 1 v. Branca USA, Inc.*, No. 22-CV-03806 (LJL), 2022 U.S. Dist. LEXIS 124177 (S.D.N.Y July 13, 2022) ......................................................................................................... 3

*Doe v. City of New York,* 15 F.3d 264 (2d Cir. 1994) ....................................................................... 4

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ....................................................................... 7, 8

*Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 U.S. Dist. LEXIS 114919 (S.D.N.Y. July 10, 2019) ................................................................................................. 6

*Doe v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 U.S. Dist. LEXIS 49960 (E.D.N.Y. Mar. 18, 2022) ............................................................................................................. 6

*Doe v. Juan Gonzales Agency Corp.*, No. 21-CV-00610 (PMH), 2022 U.S. Dist. LEXIS 138996 (S.D.N.Y. Aug. 4, 2022) ......................................................................... passim

*Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 U.S. Dist. LEXIS 100895 (June 6, 2022) (S.D.N.Y) ...................................................................................................... 7, 8, 10

*Doe v. McLellan,* No. 20-CV-5997, 2020 U.S. Dist. LEXIS 232551 (E.D.N.Y. Dec. 10, 2020) ................................................................................................................................ 8

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) .................................................................... 2, 4

*Doe v. United States*, No. 16-CV-7256, 2017 U.S. Dist. LEXIS 83745 (S.D.N.Y. June 1, 2017) ............................................................................................................................. 10

*N. Jersey Media Grp. Inc. v. Doe*, No. 12 Civ. 6152, 2012 U.S. Dist. LEXIS 167317 (S.D.N.Y. Nov. 26, 2012) ............................................................................................................. 9

*Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y 2021) .................................................... 2, 3, 7, 10

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) ........................................ passim

**Statutes**

Chapter 425 of the Laws of Westchester County .................................................................. 1, 2

Local Law No. 9-2022 ............................................................................................................... 1

**Rules**

F.R.C.P. 10...................................................................................................................................2

F.R.C.P. 17...................................................................................................................................2

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of GEORGE LATIMER, in his official capacity as County Executive of Westchester County, TERRANCE RAYNOR, acting Commissioner of the Westchester County Department of Public Safety in his official capacity, the WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFTEY, and the COUNTY OF WESTCHESTER (hereinafter collectively, "County Defendants"), in opposition to Plaintiffs' motion to proceed anonymously in this matter.

This Court should deny Plaintiffs' motion. Plaintiffs have not met their significant burden of showing that exceptional circumstances exist that would allow them to proceed anonymously. Plaintiffs' speculative conjecture that merely references the potential for harm and public humiliation based on the experiences of public figures and other individuals is not sufficient to overcome the presumption of openness in judicial proceedings. Further, allowing Plaintiffs to proceed anonymously would only serve to prejudice the County Defendants. Thus, and for the following reasons, this Court should deny Plaintiffs' motion to proceed under pseudonyms because of the important public interest in maintaining openness in judicial proceedings, and because Plaintiffs' speculation of potential future retaliation or harm is not sufficient to justify the extraordinary relief of anonymity.

## FACTUAL BACKGROUND

On June 27, 2022, the County enacted Local Law No. 9-2022, "adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities" (hereinafter, "Chapter 425"). Chapter 425 was a response to conduct occurring near reproductive health care clinics in the County that exceeded the bounds of protected First Amendment expression—for instance, blocking entrances to a facility; pushing past staff; and throwing objects at patients. By its express terms, Chapter 425 targets threatening, harassing, violent, fraudulent, and physically obstructive

conduct, and is modeled after several federal, state, and municipal laws that have been upheld by various courts, including the Supreme Court.

Plaintiffs, two self-described anti-abortion "sidewalk advocates and counselors," filed this lawsuit anonymously, challenging Chapter 425 as invalid on its face and as-applied under the First and Fourteenth Amendments, alleging that their freedoms of expression and religion have been "chilled." Compl. ¶¶ 1, 27, 32, 34, 43, 83, & Counts I-III.

Plaintiffs now seek leave from this Court to proceed under pseudonyms.

## ARGUMENT

### PLAINTIFFS' PURPORTED PRIVACY INTERESTS DO NOT OVERCOME THE PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS

Openness in judicial proceedings is a core principle of American law. *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y 2021) ("Openness long has been a central tenet of our legal system."); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (explaining that "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties"). This standard is embodied in the Federal Rules of Civil Procedure. Under Rule 17(a), every "action must be prosecuted in the name of the real party in interest," and Rule 10(a) requires that the title of a complaint "name all the parties" to the action.

The Rule 10(a) requirement, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Thus, "[f]ederal court proceedings and records presumptively are public absent a showing of exceptional circumstances." *Rapp*, 537 F. Supp. at 526.

"District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the

opposing party and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 526-27 (quoting *Sealed Plaintiff*, 537 F.3d at 189). In *Sealed Plaintiff*, the Second Circuit Court of Appeals identified a non-exhaustive list of ten (10) factors that district courts should consider in determining whether a litigant can proceed under pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . . ; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff[s] to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff[s] to disclose [their] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (internal citations, alterations, and quotation marks omitted). Accordingly, district courts must use their discretion when applying this factor-driven balancing inquiry and weighing the competing interests. *See, e.g., Doe v. Juan Gonzales Agency Corp.*, No. 21-CV-00610 (PMH), 2022 U.S. Dist. LEXIS 138996 (S.D.N.Y. Aug. 4, 2022).

Importantly, "the burden is on the party seeking to proceed pseudonymously to 'rebut the presumption of public access.'" *Id.* (quoting *Doe 1 v. Branca USA, Inc.*, No. 22-CV-03806 (LJL), 2022 U.S. Dist. LEXIS 124177, at *6 (S.D.N.Y July 13, 2022)). As set forth below, Plaintiffs have failed to carry their burden here.

A. Plaintiffs Have Not Shown That the Litigation Involves Matters That Are of a Highly Sensitive and Personal Nature

This litigation will not involve matters that are of a highly sensitive and personal nature, which weighs against the use of pseudonyms. *See Sealed Plaintiff*, 537 F.3d at 190. While the topic of

3

reproductive health can be divisive, Plaintiffs' personal beliefs about abortion are not matters of a sensitive and personal nature here. To the contrary—Plaintiffs claim that they have made, and want to continue to make, their stances on reproductive health care known by counseling others on the subject in the public fora.

Courts have been reluctant to permit anonymous pleadings even where a plaintiff brings claims of a highly sensitive nature (e.g., allegations of sexual assault). *See Juan Gonzales*, 2022 U.S. Dist. LEXIS 138996 (granting defendant's motion to compel plaintiff to amend the caption and use her real name in a matter involving sexual assault allegations); *Shakur*, 164 F.R.D. at 361-62 (denying plaintiff's request for anonymity despite her assertion that she would be "publicly humiliated" if she proceeded in her own name with claims that the celebrity defendant "brutal[ly]" sexually assaulted her). In those cases, where the plaintiffs were seeking to press claims relating to personal, traumatizing events, anonymity was denied even where the plaintiffs were hoping to keep their experiences private. In this case, Plaintiffs are expecting to go out in public and affirmatively approach strangers to tell those strangers about Plaintiffs' beliefs.

County Defendants note further that this case is different from the vaccine mandate cases that Plaintiffs rely upon. *See* Pls.' Mem., ECF No. 33, at 11-12. By their very nature, vaccine-mandate cases involve personal health information—plaintiffs in those cases only had standing if they refused a COVID-19 vaccination. Medical information has been generally found to be the type of information for which one is entitled to privacy. *See Doe v. City of New York,* 15 F.3d 264, 267 (2d Cir. 1994). Here, there is no medical information at issue. As such, these cases are not analogous to the situation herein.[1]

---

[1] Plaintiffs' reliance on the out-of-circuit, single-page order allowing the use of pseudonyms in *Allentown Women's Ctr., Inc. v. Sulpizio*, 19-cv-1571, ECF No. 72 (E.D. Pa. July 8, 2019), *see* Pls.' Mem. at 12, is misplaced. There, the court permitted five *witnesses*—a facility provider, employees, and volunteer escorts—to remain anonymous during the proceedings. But the witnesses were not parties to the case in which they were providing testimony, as Plaintiffs—who commenced this litigation—clearly are.

In short, Plaintiffs' opinions about reproductive health care—which they have shared, and intend to share, with strangers in public—are not matters of a sensitive or highly personal nature, and do not warrant the relief of proceeding anonymously.

B. <u>Plaintiffs Have Not Shown a Specific Risk of Retaliatory Physical or Mental Harm; That Identification Would Result in Other Harms; or That They Are Particularly Vulnerable to Harm</u>

Plaintiffs appear to rely primarily on the second, third, and fourth factors of the multi-factor test (*see* Pls.' Mem. at 11), which involve the purported harms that Plaintiffs claim they may suffer if they are not allowed to proceed anonymously. None of these factors supports a finding in favor of pseudonymity.

The second *Sealed Plaintiff* factor considers "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously," and the third regards "other harms and the likely severity of those harms." *Juan Gonzales*, 2022 U.S. Dist. LEXIS 138996, at *4 (internal quotation marks and alterations omitted); *see also Sealed Plaintiff*, 537 F.3d at 190.

Certainly, Plaintiffs here cannot claim, nor do they attempt to, that the County Defendants would retaliate against them if their identities were revealed. As for "other harms," Plaintiffs point to distant events and generic fears about a "climate" fostering "violence" against pro-life protesters, as well as the "doxing" of certain public figures. *See generally* Pls.' Mem. at 1-11. But the individuals identified in Plaintiffs' brief are not analogous to the Plaintiffs in this case. Nowhere do Plaintiffs cite a harm to an individual litigant or protester within the County whose experience might serve as a proxy for Plaintiffs. *See id.* Rather, Plaintiffs cite incidents involving Justices of the Supreme Court and the head of a legal organization that has taken on a national role in anti-abortion politics. *See id.* at 1-2. Thus, any argument that they will suffer the same harms is purely speculative.

Indeed, throughout Plaintiffs' ten-page background section, they cite *no* instances of a "sidewalk counselor" being doxed, or facing any violence or vandalism at their homes. *See generally* Pls.'

Mem. at 1-10. The closest Plaintiffs come is referring to a counter-protest that occurred outside of a Catholic Church. *See* Pls.' Mem. at 9. However, this does not support a claim for pseudonymity. Plaintiffs have already identified that they perform their anti-abortion activities outside of two facilities in New Rochelle and White Plains. *See* Compl. ¶¶ 28, 36, 77, 78 & Exs. A, C, G, H. As such, whether their names are known or not, they can easily face counter-protests from pro-choice advocates at those facilities. In sum, Plaintiffs have presented absolutely no evidence that a single similarly-situated "sidewalk counselor" faced the types of harms they assert members of the Supreme Court experienced.

Plaintiffs also fail to identify any link between the public disclosure of their names and psychological harm. Plaintiffs do not provide any medical documentation to establish any mental harm; they merely assert that there is a "substantial" risk of "mental harm" if they are not allowed to proceed pseudonymously. Pls.' Mem. at 11. Conjecture that merely references the potential for public humiliation and embarrassment is insufficient to allow a plaintiff to proceed anonymously. *Doe v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 U.S. Dist. LEXIS 49960, at *16 (E.D.N.Y. Mar. 18, 2022) (Merkl, MJ.) (Mem. & Order). Plaintiffs' conclusory statements here do "not suffice to overcome the presumption of identification in judicial proceedings, 'absent more direct evidence linking disclosure of [Plaintiffs'] name[s] to a specific physical or mental injury.'" *Id.* (quoting *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 U.S. Dist. LEXIS 114919, at *3 (S.D.N.Y. July 10, 2019)).

The fourth *Sealed Plaintiff* factor, which Plaintiffs cannot establish, examines "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [their] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs do not argue any vulnerability based on age. Instead, Plaintiffs argue that they are vulnerable "to these consequences because they are isolated individuals without a security force or any other means of self-defense, unlike Supreme Court Justices." *See* Pls.'

Mem. at 11. Plaintiffs proffer "no case law for the proposition that this fact would support resolving the fourth factor in [their] favor," and as such it weighs against pseudonymity. *Juan Gonzales*, 2022 U.S. Dist. LEXIS 138996 (explaining that the fourth *Sealed Plaintiff* factor weighs against pseudonymity where plaintiff did not make a showing regarding vulnerability as to her age). Moreover, Plaintiffs' admission—that they are not like Supreme Court Justices—cuts against their reliance on the doxing of and threats of violence to those Justices.

Ultimately, Plaintiffs have failed to establish any specific risk of physical or mental harm that weighs in favor of pseudonymity. Indeed, Plaintiffs failed to support their motion with *any* statement by either Plaintiff that identified a specific fear or risk of harm. *See Doe v. Del Río*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (requiring plaintiff to proceed under her name where, *inter alia*, she did not submit an affidavit setting forth the harm of public disclosure). Given that there is no specific identifiable harm here, Plaintiffs' motion should be denied.

C. Defendants Will Be Prejudiced if Plaintiffs Are Allowed to Proceed Anonymously, Even if There is a Confidentiality Agreement

The sixth *Sealed Plaintiff* factor requires the Court to consider whether County Defendants will suffer any prejudice if Plaintiffs were permitted to proceed anonymously. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs' contention that a confidentiality agreement that reveals Plaintiffs' identities will eliminate any prejudice to County Defendants is wrong. County Defendants will continue to be prejudiced if Plaintiffs are allowed to proceed pseudonymously, as there will still be an inherent asymmetry in conducting discovery. "Where a case involves potential publicity, asymmetry as to information and witnesses can occur because—with one party anonymous—'information about only one side may . . . come to light' as a result." *Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 U.S. Dist. LEXIS 100895, at *13-14 (June 6, 2022) (S.D.N.Y) (quoting *Rapp*, 537 F. Supp. 3d at 531).

It would be nearly impossible for County Defendants to obtain needed information from known local reproductive facilities and/or third-party witnesses without Plaintiffs' identities, as well

as subpoena relevant information and documents from third parties. Additionally, County Defendants will be disadvantaged in finding potentially unknown witnesses that may otherwise not come forward if they do not know the parties involved, should this case proceed to discovery or to a preliminary injunction hearing. *See id.* Indeed, this can be evidenced by this very motion. Plaintiffs assert (without evidentiary support) that they "do not advocate wearing name tags, so the fact that they advocate in public has no bearing on their need for pseudonymity." Pls.' Mem. at 11. County Defendants have no way of challenging this unsupported assertion. If Plaintiffs' names were public, however, it is possible that a third-party could come forward and say that Sally Roe approached her on the sidewalk, introduced herself by name, and/or provided other identifying information. Even if County Defendants knew Sally Roe's name through a protective order, there would be no way to locate these potential witnesses. Thus, "maintaining [Plaintiffs'] anonymity could unfairly impede defendant's ability to impeach the plaintiffs' credibility through cross examination and introduction of personal evidence at trial." *Del Rio*, 241 F.R.D. at 159 (internal quotation marks omitted).

This is particularly important as Plaintiffs have asserted an "as-applied" challenge to the County's law, and thus rebutting Plaintiffs' characterizations of their actions outside of clinics can be critical. Allowing Plaintiffs to proceed anonymously, County Defendants "will be prejudiced in their ability to call third-party witnesses." *Juan Gonzales Agency*, 2022 U.S. Dist. LEXIS 138996, at *13; *see also Doe v. McLellan,* No. 20-CV-5997, 2020 U.S. Dist. LEXIS 232551, at *8 (E.D.N.Y. Dec. 10, 2020) (holding that "allowing Plaintiff to proceed anonymously would disadvantage the defendant at all stages of litigation, including settlement, discovery, and trial," "would make it more difficult to obtain witnesses and witness testimony, defendant would have less leverage in settlement negotiations, and defendants would not be able to fully and adequately cross-examine the plaintiff"); *Del Rio*, 241 F.R.D. at 159 ("Moreover, concealing the name of a party could deprive a litigant and the court of the chance

that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses.").

D. <u>Plaintiffs Have Not Shown That Their Identity Has Been Kept Confidential</u>

The seventh *Sealed Plaintiff* factor considers "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Plaintiffs have completely failed to address whether their identities have thus far been kept confidential. Critically, as discussed above, Defendants have no way of verifying whether Plaintiffs have kept their identities confidential to date.

Pursuant to the pleadings in this matter, Plaintiffs are pro-life "sidewalk counselors" that at some point engaged in active counseling outside reproductive health facilities. While it is claimed that they are no longer engaging in these counseling efforts within the County, County Defendants cannot independently confirm this information. It is also possible that Plaintiffs have been able to participate in counseling activity outside of the County or engage in other forms of protest, both in person or online. And if they have done so, the County is entitled to find out as soon as possible—this fact goes not only to Plaintiffs' credibility, but to the elements of their causes of action.

E. <u>The Public's Interest in the Litigation Is Furthered by Requiring Plaintiffs to Disclose Their Identities as the Constitutional Challenge May Be Fact Specific and Involves a Heavily Contested Area of the Law That Has a Strong Public Interest</u>

The eighth and ninth *Sealed Plaintiff* factors both focus on the public's strong interest in the litigation at bar. "The eighth *Sealed Plaintiff* factor gauges 'whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.'" *Juan Gonzales*, 2022 U.S. Dist. LEXIS 138996, at *14 (quoting *Sealed Plaintiff*, 537 F.3d at 190). The ninth factor relates to whether the litigation involves factual disputes, or if it is limited to a purely legal matter in which the public would have an atypically weak public interest. *Sealed Plaintiff*, 537 F.3d at 190. Generally, the public has an "interest in litigation" and a "right of access to judicial proceedings." *N. Jersey Media Grp. Inc. v. Doe*, No. 12 Civ. 6152, 2012 U.S. Dist. LEXIS 167317, at *24-25 (S.D.N.Y. Nov. 26, 2012). Furthermore,

"transparent proceedings foster public confidence in the integrity of the judiciary and serve to demonstrate to the public that the laws are being enforced even-handedly." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601 (HBP), 2015 U.S. Dist. LEXIS 153200, at *19 (S.D.N.Y. Nov. 12, 2015); *see also Leonelli*, 2022 U.S. Dist. LEXIS 100895, at *11 (same).

While it is likely that this action can be resolved purely as a matter of law, there can be no question that there is an atypically *strong* public interest in the outcome of this proceeding. Indeed, Plaintiffs essentially concede as much, discussing the extensive media coverage and public activity surrounding reproductive health care throughout their papers. *See generally* Pls.' Mem. at 1-10. Further, if this Court does not dispose of the action on purely legal grounds, Plaintiffs' as-applied challenges may raise factual disputes, particularly governing the actions of Plaintiffs as "sidewalk counselors." Thus, the public interest weighs in favor of full disclosure, and Plaintiffs' motion should be denied.

F.   There Are Alternative Mechanisms for Protecting the Confidentiality of the Plaintiffs

The last *Sealed Plaintiff* factor looks to see if "there are any alternative mechanisms for protecting the confidentiality of the plaintiff." 537 F.3d at 190. The existence of adequate alternative mechanisms for protecting a plaintiff's confidentiality weighs against allowing anonymity. *Doe v. United States*, No. 16-CV-7256, 2017 U.S. Dist. LEXIS 83745, at *4-5 (S.D.N.Y. June 1, 2017); *see also Leonelli*, 2022 U.S. Dist. LEXIS 100895, at *15.

Here, Plaintiffs could "'seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order.'" *Leonelli*, 2022 U.S. Dist. LEXIS 100895, at *15 (quoting *Rapp*, 537 F. Supp. 3d at 533). Indeed, no one is asking Plaintiffs to publicly disclose any sensitive information. The relevant information in this action would comprise activities Plaintiffs undertake in public; if more personal information needed to be exchanged, protective orders could address those specific items. Accordingly, as alternative mechanisms for protecting confidentiality exist, the final factor weighs against proceeding anonymously.

## CONCLUSION

The balancing of the factors weighs against proceeding pseudonymously. The public has a significant interest in open and transparent judicial proceedings, especially proceedings involving constitutional challenges to an existing law of the County, and County Defendants would be prejudiced if Plaintiffs were permitted to proceed anonymously. As Plaintiffs have not shown sufficiently valid reasons to overcome the presumption of openness in court proceedings so as to provide them with special privacy protections, this application should be denied in its entirety.

**WHEREFORE**, County Defendants respectfully request that Plaintiffs' motion to proceed pseudonymously be denied in its entirety, and for such other and further relief as this Court deems just and proper.

Dated:  White Plains, New York
        October 14, 2022

**JOHN M. NONNA**

*John M. Nonna*
Westchester County Attorney
*Attorney for County Defendants*
Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601
Tel: (914) 995-2690