# EXHIBIT M

**EXHIBIT M**

# Board of Legislators
## Meeting Agenda



800 Michaellan Office Bldg.
148 Martine Avenue, 8th Floor
White Plains, NY 10601
www.westchesterlegislators.com

| Monday, May 9, 2022 | 7:00 PM | Legislative Chambers |
|---|---|---|

### Regular Meeting

## CALENDAR 11 (CONSENT)

## CALL TO ORDER

## MINUTES APPROVAL

April 25, 2022 at 7pm
April 28, 2022 at 4:30pm

## PUBLIC COMMENT

Speakers_____

## PUBLIC HEARING

**1.**  2022-118  **PH - Salary Range Posting Requirement**

A Public Hearing on "A LOCAL LAW amending Chapter 700 of the Laws of Westchester County relating to prohibiting employers from posting job listings without minimum and maximum salary information."  [Public Hearing set for May 9, 2022 at 7:30 p.m.]  LOCAL LAW INTRO: 2022-119.
*Submitted by: COMMITTEE ON LEGISLATION*

**Speakers_____**
*Please see Standing Committee Item #2022-119 for back-up.

## UNFINISHED BUSINESS

## I. COMMUNICATIONS

### A. COUNTY EXECUTIVE

**1.**  2022-241  **REAPPT-Probation Advisory Board-Burke, Jr.**

A RESOLUTION reappointing James K. Burke, Jr., as a member of the Westchester County Probation Advisory Board, for the term March 25, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

1

**EXHIBIT M**

---

**Board of Legislators**          **Meeting Agenda**          **May 9, 2022**

---

**2.**    2022-242      **REAPPT-Probation Advisory Board-Spaeth**

A RESOLUTION reappointing Ann B. Spaeth as a member of the Westchester County Probation Advisory Board for the term March 25, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**3.**    2022-243      **REAPPT-Community Services Board-Bernstein**

A RESOLUTION reappointing Barbara Bernstein as a voluntary sector member of the Westchester County Community Services Board for the term March 21, 2022 to December 31, 2025.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**4.**    2022-244      **REAPPT-Community Services Board-Bryant**

A RESOLUTION reappointing Elaine Bryant as a voluntary sector member of the Westchester County Community Services Board, for the term March 21, 2022 to December 31, 2025.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**5.**    2022-245      **REAPPT-Citizen's Consumer Advisory Council-Pekarek**

A RESOLUTION reappointing Deborah Pekarek as a member of the Westchester County Citizen's Consumer Advisory Council for the term March 25, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**6.**    2022-246      **REAPPT-Citizen's Consumer Advisory Council-Milone**

A RESOLUTION reappointing Deborah L. Milone as a member of the Westchester County Citizen's Consumer Advisory Council for the term March 25, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**7.**    2022-247      **REAPPT-Citizen's Consumer Adv Council-Fix**

A RESOLUTION reappointing John Fix as a member of the Westchester County Citizen's Consumer Advisory Council for the term March 25, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**8.**    2022-248      **REAPPT-Citizen's Consumer Advisory Council-Komorowski**

A RESOLUTION reappointing Kris Komorowski as a member of the Westchester County Citizen's Consumer Advisory Council for the term March 25, 2022 to December 31, 2023.
***COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS***

**9.**    2022-249      **REAPPT-Citizen's Consumer Advisory Council-Rauer**

---

**2**

**EXHIBIT M**

A RESOLUTION reappointing Brian Rauer as a member of the Westchester County Consumer Advisory Council for the term March 25, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**10.**    2022-250      **REAPPT-Domestic Violence Council-Van Bomel**

A RESOLUTION reappointing Catherine Van Bomel as a member of the Westchester County Domestic Violence Council for the term March 23, 2022 to December 31, 2024.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**11.**    2022-251      **REAPPT-Hispanic Advisory Board-Bikkal**

A RESOLUTION reappointing Robin A. Bikkal, Esq., as a member of the Westchester County Hispanic Advisory Board for the term February 24, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**12.**    2022-252      **REAPPT-Planning Board-Toback**

A RESOLUTION reappointing Renee Toback as a member of the Westchester County Planning Board for the term February 24, 2022 to December 31, 2023.
*COMMITTEE REFERRAL: COMMITTEE ON APPOINTMENTS*

**13.**    2022-253      **ACT-Amending Civil Service Exam Fees Waiver for Veterans**

AN ACT Amending ACT 2-2004 as amended by ACTS 163-2008 and 211-2014 to provide a waiver of civil service examination application fees for veterans.
*COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS*

**14.**    2022-254      **CBA-SY043-Yonkers Joint WWTP-Post Storm Reconst. & Rehab**

AN ACT amending the 2022 County Capital Budget Appropriations for Capital Project SY043-YJWWTP-Post Storm Reconstruction & Rehabilitation.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**15.**    2022-255      **IMA(Amend)-Add Community Resource Officer-Cortlandt**

AN ACT authorizing the County of Westchester, to retroactively amend its inter-municipal agreement with the Town of Cortlandt, whereby the County, acting by and through its Department of Public Safety Services, provides police services to the Town for a term commencing February 1, 2020 and expiring January 31, 2025, in order to add the services of a County Police Officer, specially trained as a Community Resource Officer.
*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*

**SI. 16.** 2022-261      **PH-Office of Housing Counsel**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending the Laws of

3

**Board of Legislators**            **Meeting Agenda**            **May 9, 2022**

Westchester County by adding a new Chapter 187 relating to the creation of the Office of Housing Counsel." [Public Hearing set for _____, 2022 at _____ .m.].  LOCAL LAW INTRO: 2022-262.
***COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HOUSING***

### SI. 17. 2022-262            LOCAL LAW-Office of Housing Counsel

A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 187 relating to the creation of the Office of Housing Counsel.
***COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HOUSING***

### SI. 18. 2022-263            ACT-Mortgage Tax Receipts-10-1-21 through 3-31-22

AN ACT to authorize the Commissioner of the Westchester County Department of Finance to pay Mortgage Tax Receipts to Cities, Towns and Villages.
***COMMITTEE REFERRAL: COMMITTEE ON BUDGET & APPROPRIATIONS***

### SI. 19. 2022-264            IMA-Positive Youth Development Programs-Municipalities

AN ACT authorizing the County of Westchester to enter into inter-municipal agreements with various municipalities for the provision of positive youth development programs.
***COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS AND YOUTH***

### SI. 20. 2022-265            ENV RES-RCL01-Cranberry Lake Nature Center

AN ENVIRONMENTAL RESOLUTION determining that there will be no significant adverse impact on the environment from the Amended Bond Act for Capital Project RCL01 - Cranberry Lake Nature Center.
***COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND PARKS & RECREATION***

### SI. 21. 2022-266            BOND ACT(Amended)-RCL01-Cranberry Lake Nature Center

A BOND ACT (Amended) authorizing the issuance of additional bonds of Westchester County in the amount of FOUR MILLION, SIX HUNDRED FIFTY THOUSAND ($4,650,000) DOLLARS to finance Capital Project RCL01 - Cranberry Lake Nature Center.
***COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS, PUBLIC WORKS & TRANSPORTATION AND PARKS & RECREATION***

### B.  COUNTY ATTORNEY

### SI. 1.  2022-267            ACT - Claim Settlement against PSH Corp.

AN ACT authorizing the County Attorney to settle the potential claims and causes of action of the County of Westchester against PSH Corp. in connection with flooring furnished and installed by PSH Corp. on the 9th floor of the Mount Vernon District Office of the County's Department of Social Services.

*COMMITTEE REFERRAL: COMMITTEES ON BUDGET & APPROPRIATIONS AND LAW & MAJOR & CONTRACTS*

## C. LEGISLATORS

**1.**    2022-257    **HON. BORGIA, SHIMSKY, BARR, JOHNSON, ALVARADO, SMITH, PIERCE, GASHI, BOYKIN, PARKER, WILLIAMS JOHNSON, MAHER, CLEMENTS, WOODSON-SAMUELS - PH - Clinic Access Legislation**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities."  [Public Hearing set for _____, 2022 at _____ .m.]  LOCAL LAW INTRO 2022-258.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HEALTH*

**2.**    2022-258    **HON. BORGIA, SHIMSKY, BARR, JOHNSON, ALVARADO, SMITH, PIERCE, GASHI, BOYKIN, PARKER, WILLIAMS JOHNSON, MAHER, CLEMENTS, WOODSON-SAMUELS - LL - Proposed Clinic Access Legislation**

A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND HEALTH*

**3.**    2022-259    **HON. CATHERINE BORGIA - PH - Proposed Balloon Release Ban**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW adding Chapter 539 to the Laws of Westchester County to prohibit the intentional release of helium filled balloons in the County of Westchester."  [Public Hearing set for _____, 2022 at _____ .m.]. LOCAL LAW INTRO: 2022-260.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND ENVIRONMENT, ENERGY & CLIMATE*

**4.**    2022-260    **HON. CATHERINE BORGIA - LL - Proposed Balloon Release Ban**

A LOCAL LAW adding Chapter 539 to the Laws of Westchester County to prohibit the intentional release of helium filled balloons in the County of Westchester.
*COMMITTEE REFERRAL: COMMITTEES ON LEGISLATION AND ENVIRONMENT, ENERGY & CLIMATE*

## D. OTHERS

# II.  NOTICES & PETITIONS

# III.  STANDING COMMITTEES

**1.**    2022-18    **APPT-Youth Board-Grant**

A RESOLUTION appointing Safiya Grant as a member of the Westchester County Youth Board for the term September 14, 2021 to December 31, 2022.

**EXHIBIT M**

*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**              **VOTE _____**

**2.**   2022-96          **PH-Greenwich Woods Wastewater Discharge Permit**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending Section 824.341 of the Laws of Westchester County excepting a Permit for Greenwich Woods Realty LLC and Greenwich Retirement Housing LLC from the three (3) year term limitation for sewage discharge permits."  [Public Hearing set for _____, 2022 at _____ .m.]  LOCAL LAW INTRO: 2022-98.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC WORKS & TRANSPORTATION AND ENVIRONMENT, ENERGY & CLIMATE*

**RESOLUTION _____ - 2022**              **VOTE _____**

**3.**   2022-104          **REAPPT-Hispanic Advisory Board-Alicea-Santiago**

A RESOLUTION reappointing Evelyn Alicea-Santiago as a member of the Westchester County Hispanic Advisory Board for the term January 12, 2022 to December 31, 2022.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**              **VOTE _____**

**4.**   2022-119          **LL - Salary Range Posting Requirement**

A LOCAL LAW amending Chapter 700 of the Laws of Westchester County relating to prohibiting employers from posting job listings without minimum and maximum salary information.
*Submitted by: COMMITTEE ON LEGISLATION*

**Local Law Intro No. 119- 2022**              **VOTE _____**

**5.**   2022-142          **APPT-Soil & Water Conserv Dist Bd of Dir-Goindi**

A RESOLUTION appointing Harmeet Goindi, CFA, as a member of the Westchester County Soil & Water Conservation District Board of Directors for the term January 1, 2022 to December 31, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**              **VOTE _____**

**6.**   2022-143          **APPT-African American Advisory Board-Bennett**

A RESOLUTION appointing Odethe Bennett as a member of the Westchester County African American Advisory Board for the term March 7, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**RESOLUTION _____ - 2022**              **VOTE _____**

6

**Board of Legislators**                    **Meeting Agenda**                    **May 9, 2022**

---

**7.**    2022-144      **REAPPT-African American Advisory Board-Scantlebury**

A RESOLUTION reappointing Dr. Monica Scantlebury as a member of the Westchester County African American Advisory Board for the term February 14, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**RESOLUTION _____ - 2022                    VOTE _____**

**8.**    2022-148      **REAPPT-Planning Board-Douglas**

A RESOLUTION reappointing Dwight H. Douglas as a member of the Westchester County Planning Board for the term February 24, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**RESOLUTION _____ - 2022                    VOTE _____**

**9.**    2022-149      **REAPPT-Advisory Council on People with Disabilities-Horowitz**

A RESOLUTION reappointing Carin Horowitz, LMSW, as a member of the Westchester County Advisory Council on People with Disabilities for the term February 18, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**RESOLUTION _____ - 2022                    VOTE _____**

**10.**    2022-158      **PH - Gun Store Warning Label Law**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending the Laws of Westchester County by adding a new Chapter 529 in relation to the posting of notices warning of the dangers of weapons or firearms."  [Public Hearing set for _____, 2022 at _____ .m.]  LOCAL LAW INTRO: 2022-159.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*


**RESOLUTION _____ - 2022                    VOTE _____**

**11.**    2022-164      **APPT-African American Advisory Board-Gaither**

A RESOLUTION appointing Kecia Gaither, MD, as a member of the Westchester County African American Advisory Board for the term March 7, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**RESOLUTION _____ - 2022                    VOTE _____**

**12.**    2022-165      **REAPPT-African American Advisory Board-Edwards**

A RESOLUTION reappointing Barbara L. Edwards, Esq., as a member of the Westchester County African American Advisory Board for the term February 14, 2022 to December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*

---

**RESOLUTION _____ - 2022          VOTE _____**

**13.**    [2022-194](#)          **PH-Reporting of Hate Incidents**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending Chapter 273 of Laws of Westchester County to require local municipal police departments to report all incidents involving conduct, which is or appears to be motivated, all or in part, by a person's actual or perceived membership in a protected class."  [Public Hearing set for _____, 2022 at _____ .m.].  LOCAL LAW INTRO:  2022-195.
*Submitted by: COMMITTEES ON LEGISLATION AND PUBLIC SAFETY*

**RESOLUTION _____ - 2022          VOTE _____**

**14.**    [2022-203](#)          **BOND ACT(Amended)-SY009-Yonkers Joint TP Odor Control & HVAC Upgrades**

A BOND ACT (Amended) authorizing Westchester County to issue additional bonds in the amount of FIFTEEN MILLION ($15,000,000) DOLLARS to finance a component of Capital Project SY009 - Yonkers Joint Treatment Plant Odor Control and HVAC Upgrades.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**BOND ACT _____ - 2022          VOTE _____**

**15.**    [2022-204](#)          **BOND ACT(Amended)-SM018, SM019, SM021, SM030, SM075, SM095**

A BOND ACT (Amended) authorizing the County of Westchester to issue additional bonds in the amount of THIRTY ONE MILLION, FIVE HUNDRED THOUSAND ($31,500.000) DOLLARS to finance the following six Capital Projects: SM018 - Mamaroneck Water Resource Recovery Facility ("WRRF") - Odor Control and HVAC System Rehabilitation, SM019 - Mamaroneck WRRF Emergency Power Upgrades, SM021 - Mamaroneck WRRF Blower Replacement, SM030 - Mamaroneck WWTP - Roof Replacements, SM075 - Pump Station Rehabilitation Program - Mamaroneck Sanitary Sewer District ("SSD") and SM095 - Pumping Station Rehabilitation Program - Mamaroneck SSD.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*

**BOND ACT _____ - 2022          VOTE _____**

**16.**    [2022-218](#)          **ACT-APPT-Board of Ethics-Daley**

AN ACT appointing Lisa Daley, Esq., of White Plains as a Board of Legislators member of the Westchester County Board of Ethics for a term to expire on April 1, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*

**ACT _____ - 2022          VOTE _____**

**17.**   2022-219        **APPT-Probation Advisory Board-Lopez**

A RESOLUTION appointing Omar Lopez as a member of the Westchester County Probation Advisory Board for a term to commence upon approval and to expire on December 31, 2024.
*Submitted by: COMMITTEE ON APPOINTMENTS*


RESOLUTION _____ - 2022              VOTE _____

**18.**   2022-221        **BOND ACT-BPL26-1899-Flood Mitigation**

A BOND ACT authorizing the issuance of ONE MILLION, TWO HUNDRED THOUSAND ($1,200,000) DOLLARS in bonds of Westchester County to finance a component of Capital Project BPL26 - Flood Mitigation.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*


BOND ACT _____ - 2022              VOTE _____

**19.**   2022-222        **IMA-Flood Mitigation-BPL26-1899-Peekskill**

AN ACT authorizing the County of Westchester to enter into an intermunicipal agreement with the City of Peekskill in connection with a flood mitigation project - Capital Project BPL26, Unique ID#1899.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND PUBLIC WORKS & TRANSPORTATION*


ACT _____ - 2022                    VOTE _____

**20.**   2022-238        **REAPPT-Advisory Council on People with Disabilities-Fowler**

A RESOLUTION reappointing Jacqueline Fowler as a member of the Westchester County Advisory Council on People with Disabilities for a term to commence on January 1, 2022 and to expire on December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


RESOLUTION _____ - 2022              VOTE _____

**21.**   2022-239        **REAPPT-Advisory Council on People with Disabilities-Burr**

A RESOLUTION reappointing Kenneth Burr as a member of the Westchester County Advisory Council on People with Disabilities for a term to commence on January 1, 2022 and to expire on December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


RESOLUTION _____ - 2022              VOTE _____

**22.**   2022-240        **REAPPT-Advisory Council on People with Disabilities-Samuels**

A RESOLUTION reappointing Maria Samuels as a member of the Westchester County


Advisory Council on People with Disabilities for a term to commence on January 1, 2022 and to expire on December 31, 2023.
*Submitted by: COMMITTEE ON APPOINTMENTS*


**RESOLUTION _____ - 2022**           **VOTE _____**

**SI. 23.**2022-47        **PH - Food Allergy Restaurant Safety Law**

A RESOLUTION to set a Public Hearing on "A LOCAL LAW amending the Laws of Westchester County by the addition of a new Chapter 541 concerning Food Allergy Restaurant Safety."  [Public Hearing set for _____, 2022 at _____ .m.].  LOCAL LAW INTRO 2022-48.
*Submitted by: COMMITTEES ON LEGISLATION AND HEALTH*


**RESOLUTION _____ - 2022**           **VOTE _____**


**SI. 24.**2022-215        **IMA-Youth Development Program-Mount Vernon**

AN ACT authorizing the County of Westchester to enter into an inter-municipal agreement with the City of Mount Vernon pursuant to which the municipality will provide certain youth development services under its Youth Development Program, for the period commencing retroactively on January 1, 2022 and expiring on December 31, 2022 for a total amount not to exceed ONE HUNDRED SIXTY THREE THOUSAND, NINE HUNDRED SEVENTY SIX ($163,976) DOLLARS.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS & YOUTH*


**ACT _____ - 2022**           **VOTE _____**


**SI. 25.**2022-216        **IMA-Tarrytown-Sleepy Hollow Summer Day Camp-Tarrytown**

AN ACT authorizing the County of Westchester to enter into an inter-municipal agreement with the Village of Tarrytown (the "Village") for the purpose of operating the Tarrytown/Sleepy Hollow Summer Day Camp in the amount of FORTY-FOUR THOUSAND, ONE HUNDRED FORTY-SEVEN ($44,147) DOLLARS.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS & YOUTH*

**ACT _____ - 2022**           **VOTE _____**


**SI. 26.**2022-223        **HOME RULE-A7939-S6659**

A New York State Home Rule Resolution requesting the enactment of Assembly Bill No. 7939/Senate Bill No. 6659 entitled, "AN ACT to amend the penal law, in relation to fees charge for a license to carry or possess a pistol or revolver in the County of Westchester".
*Submitted by: BUDGET & APPROPRIATIONS AND PUBLIC SAFETY*

**EXHIBIT M**

---

**Board of Legislators**  **Meeting Agenda**  **May 9, 2022**

---

**RESOLUTION _____ - 2022**  **VOTE _____**

**SI. 27.** 2022-229  **ACT - Ossining Union Free School District Basics Program**

AN ACT authorizing the County of Westchester to enter into an inter-municipal agreement with the Ossining Union Free School District ("Ossining") pursuant to which Ossining will provide its Ossining Basics Program for the period from January 1, 2022 through December 31, 2022 for a total amount not to exceed TWO THOUSAND, FIVE HUNDRED TWENTY-THREE ($2,523) DOLLARS.
*Submitted by: COMMITTEES ON BUDGET & APPROPRIATIONS AND SENIORS & YOUTH*

**ACT _____ - 2022**  **VOTE _____**

# IV.  SPECIAL ORDERS

## MOTIONS, RESOLUTIONS & CALL OF THE DISTRICTS

1.  2022-256  **Memorial Resolutions 7-2022**

HON. NANCY E. BARR: Jeffrey Burstein

HON. BENJAMIN BOYKIN: Antonio L. Capicotto, Michael Stolzar, Theodore Jay Lee, Jr.

HON. MARGARET A. CUNZIO: Lloyd Nelson, Virginia Baulkwill, William G. LaPierre, Lori Ann Vinci, Rita Wind, Robert John Muscolino, Frieda Louise White, Elizabeth "Betty" LaManna

HON. DAMON MAHER: Rocco Costanzo, Gilda DeMeo

HON. MARYJANE SHIMSKY: Anne Schnibbe

# ADJOURNMENT

Next Meeting: May 23, 2022 at 7pm

---

**EXHIBIT M**

TO:          Sunday Vanderberg, Clerk of the Board of Legislators

FROM:        Catherine Borgia, Chair of the Board, 9th District
             MaryJane Shimsky, Legislator, 12th District

             Nancy Barr, Vice Chair, 6th District
             Christopher A. Johnson, Majority Leader, 15th District
             Jose Alvarado, Majority Whip, 17th District
             Colin Smith, Legislator, 1st District
             Erika Pierce, Legislator 2nd District
             Vedat Gashi, Legislator, 4th District
             Benjamin Boykin, Legislator, 5th District
             Catherine Parker, Legislator, 7th District
             Jewel Williams-Johnson, Legislator, 8th District
             Damon Maher, Legislator, 10th District
             Terry Clements, Legislator 11th District
             Tyrae Woodson-Samuels, Legislator, 13th District

DATE:        May 4, 2022

RE:          Proposed Clinic Access Legislation

The Members of this honorable Board listed above hereby submit the attached proposed Local Law, "adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities" to the May 9, 2022 Westchester County Board of Legislators meeting agenda for referral to the appropriate committees for immediate consideration.


Thank you.

**EXHIBIT M**

TO:     BOARD OF LEGISLATORS
        COUNTY OF WESTCHESTER


Your Committee recommends passage of "A Local Law adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities."


Your Committee finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures, are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.


Your Committee notes that concerns have been raised about individuals or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that physically prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services; or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. In fact, for example, on March 17, 2022, three men were found guilty of unlawfully trespassing at All Women's Health & Medical Services, a reproductive health care facility in White Plains, in order to prevent patients from obtaining reproductive health care services on November 27, 2021. These defendants are affiliated with Red Rose Rescue, an anti-abortion activist group that has carried out similar unlawful actions all across the country. Indeed, the perpetrators convicted in White Plains have also apparently been involved in prior similar conduct—each has now been convicted multiple times of such conduct, and has faced (or is currently facing) criminal charges in some of the following places: Nassau County, New York; Michigan; Pennsylvania; Washington, D.C.; and Virginia. Such activities can impede access to reproductive health care facilities not only for

239

EXHIBIT M

those seeking to obtain reproductive health care services, treatments, and/or procedures, but for providers of those services as well.


Your Committee finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, your Committee has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services within the parameters established by precedent of the United States Supreme Court and the Second Circuit Court of Appeals, in order to: protect and promote the public health, safety, and welfare; ensure order; protect freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property.


Your Committee is advised that this proposed Local Law is modeled upon various federal, state, and municipal laws, including the federal Freedom of Access to Clinic Entrances Act of 1994 ("FACE"), 18 U.S.C. § 248; the New York State Clinic Access Act, N.Y. Penal L. §§ 240.70-240.71, N.Y. Civil Rights L. 79-m; the New York City Access to Reproductive Health Care Facilities Law, N.Y.C. Admin. Code §§ 10-1001, *et seq*.; and Colo. Rev. Stat. § 18-9-122(3) (1999) ("Preventing passage to and from a health care facility – engaging in prohibited activities near facility").

Your Committee is further advised that this proposed Local Law, if adopted, would protect persons seeking access to reproductive health care facilities and services both within facilities as well as outside said facilities. The Local Law would prohibit the use or threat of force against, physical obstruction or blocking of, or interference with any person seeking to access reproductive health care facilities or obtaining reproductive health care services. This proposed Local Law would also make it unlawful for any person to strike, shove, restrain, grab,

240

kick, or otherwise subject to unwanted physical contact, another person seeking access to or exiting from, or obtaining services from, reproductive health care facilities. The proposed law also prohibits engaging in a course of conduct or repeatedly committing acts within 25 feet of the premises a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, and prohibits following and harassing another person within 25 feet of the premises of a reproductive health care facility.  As used in the relevant violation section, the meaning of "harass" is derived, in part, from New York State Penal Law § 240.26(3) and related interpretations in the case law.  In addition, this Local Law will make it unlawful to physically damage or interfere with the operations of any reproductive health care facility. Further, the proposed Local Law provides that within a 100-foot radius from any door to a reproductive health care facility, no individual can, in the public way, knowingly approach within eight feet of another person, unless that other person consents, for the purpose of passing a leaflet, handbill, food, or liquid to; displaying a sign to; or engaging in oral protest, education, or counseling with such other person.  This provision applies equally to all, regardless of the content of their speech.

Your Committee notes that the proposed legislation will, if adopted, provide for both criminal penalties and civil remedies for violations of its provisions. Specifically, violation of this Local Law would be a misdemeanor, punishable by fines and/or imprisonment; and aggrieved persons would be authorized to institute civil actions for injunctive relief, damages, attorney's fees, and costs, in any court of competent jurisdiction, including state courts. In addition, the County Attorney would be authorized to commence civil actions for equitable relief.

Your Committee finds that this legislation would expressly ensure that First Amendment rights regarding freedom of speech are protected while, at the same time, provide relief for persons whose rights are interfered with in seeking or delivering reproductive health care services. Indeed, this Local Law does not prohibit conduct normally protected by the First Amendment.  However, "true threats" and expression that takes place while trespassing on

EXHIBIT M

private property are not protected under the First Amendment.  The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

Finally, your Committee is informed that this Local Law does not meet the definition of an action under SEQRA and its implementing regulations 6 NYCRR Part 617. Please refer to the memorandum from the Department of Planning dated January 14, 2022, which is on file with the Clerk of the Board of Legislators.

Your Committee recommends adoption of this Local Law.

Dated:            ,2022
White Plains, New York

COMMITTEE ON

SCM-05/03/2022

**242**

EXHIBIT M

**RESOLUTION NO. ____ – 2022**

RESOLVED, that this Board hold a public hearing pursuant to Section 209.141(4) of the Laws of Westchester County on Local Law Intro. No. ___ - 2022, entitled "A Local Law adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities." The public hearing will be held at __.m. on the _____ day of _____, 2022, in the Chambers of the Board of Legislators, 8th Floor, Michaelian Office Building, White Plains, New York. The Clerk of the Board shall cause notice of the time and date of such hearing to be published at least once in one or more newspapers published in the County of Westchester and selected by the Clerk of the Board for that purpose in the manner and time required by law.

LOCAL LAW INTRO. NO.      - 2022

A LOCAL LAW adding Chapter 425 to the Laws of Westchester County to ensure safe access to reproductive health care facilities.

BE IT ENACTED by the County Board of the County of Westchester as follows:

**Section 1**. A new Chapter 425 is hereby added to the Laws of Westchester to read as follows:

<u>CHAPTER 425</u>

**REPRODUCTIVE HEALTH CARE FACILITIES ACCESS ACT**

**Sec. 425.01. Short title.**
**Sec. 425.11. Legislative intent.**
**Sec. 425.21. Definitions.**
**Sec. 425.31. Prohibited conduct.**
**Sec. 425.41. Violations.**
**Sec. 425.51. Civil cause of action.**
**Sec. 425.61. Civil action by County of Westchester.**
**Sec. 425.71. Joint and several liability.**
**Sec. 425.81. Construction.**
**Sec. 425.91. Severability.**

**Sec. 425.01. Short title.**

This title shall be known as and may be cited as the "Reproductive Health Care Facilities Access Act."

**Sec. 425.11. Legislative intent.**

The County Board of Legislators finds that the right to access reproductive health care facilities and the right to obtain reproductive health care services, treatments, and/or procedures

are essential personal rights protected by state and federal law. Equally, the right to peaceably protest and express one's views is an essential right protected by state and federal law. Such actions include, but are not limited to, the right to speak, march, demonstrate, picket, pray, associate with others in expressive behavior, or engage in other activity protected by the First Amendment.

The County Board is aware that there are individuals and/or groups of individuals who may exceed the boundaries of lawful First Amendment expression by engaging in activities that prevent individuals from accessing reproductive health care facilities or obtaining reproductive health care services, treatments, or procedures, or by engaging in activities that unlawfully harass or intimidate individuals trying to access such facilities and services. Such activities unlawfully interfere with both the operators of reproductive health care facilities and all individuals seeking free entrance to and egress from such facilities.

The County Board finds that current law does not adequately protect reproductive health care facilities, and those who work in, seek access to, or obtain services from such facilities. Therefore, the County Board of Legislators has determined that it is appropriate to enact legislation to prohibit interference with accessing reproductive health care facilities and obtaining reproductive health care services, in order to: protect and promote the public health, safety, and welfare; ensure order; protect the freedom of access to reproductive health care facilities; protect the freedom to obtain reproductive health care services; promote the free flow of traffic in the public way; advance medical privacy and the well-being of patients seeking access to reproductive health care facilities and obtaining reproductive health care services; and safeguard private property. This proposed Local Law protects persons seeking access to reproductive health care facilities and services both inside facilities as well as outside said

facilities.  The County Board finds that this Local Law does not prohibit conduct normally protected by the First Amendment.  However, "true threats" and expression that takes place while trespassing on private property are not protected under the First Amendment. The right to engage in legitimate First Amendment activity does not shield individuals who trespass on private property or otherwise run afoul of the law. And to the extent any First Amendment conduct is affected by this Local Law at all, the law acts as a modest and reasonable time, place, and manner restriction that leaves ample room to communicate messages through speech and other protected First Amendment activity.

The County Board has further determined that persons harmed by such interfering conduct should be able to seek redress in the courts, including state courts, for injunctive relief, damages, and attorney's fees and costs, and that the County of Westchester should be able to obtain appropriate injunctive relief under this Local Law.

**Sec. 425.21. Definitions.**

Whenever used in this Chapter, the following words and phrases shall have the meanings indicated, unless the context or subject matter otherwise requires:

a. "Approach" shall mean to move nearer in distance to someone.

b. "Eight (8) feet" shall be measured from the part of a person's body that is nearest to the closest part of another person's body, where the term "body" includes any natural or artificial extension of a person, including, but not limited to, an outstretched arm or hand-held sign.

c.  "Harass" shall mean to engage in a course of conduct or repeatedly commit acts that alarm or seriously annoy another person, where such conduct continues after a request to cease has been made.

d.  "Interfere with" shall mean to stop or to restrict a person's freedom of movement.

e.  "Intimidate" shall mean to place a person in reasonable apprehension of physical injury to such person or to another person.

f.  "Invitee" shall mean an individual who enters another's premises as a result of an express or implied invitation of the owner or occupant for their mutual gain or benefit.

g.  "Person" shall mean an individual, corporation, not-for-profit organization, partnership, association, group, or any other entity.

h.  "Physically obstruct or block" shall mean to physically hinder, restrain, or impede, or to attempt to physically hinder, restrain or impede, or to otherwise render ingress to or egress from, or render passage to or from the premises of a reproductive health care facility impassable, unreasonably difficult, or hazardous.

i.  "Premises of a reproductive health care facility" shall include the driveway, entrance, entryway, or exit of the reproductive health care facility, the building in which such facility is located, any parking lot in which the facility has an ownership or leasehold interest, and the entrance to any public parking lot that serves the reproductive health care facility and is located within one-hundred (100) feet of any door to that reproductive health care facility.

j.  "Reproductive health care facility" shall mean any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services.

247

k. "Reproductive health care services" shall mean medical, surgical, counseling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

**Sec. 425.31. Prohibited conduct.**

It shall be unlawful for any person to do the following:

a. knowingly physically obstruct or block another person from entering into or exiting from the premises of a reproductive health care facility, in order to prevent that person from obtaining or rendering, or assisting in obtaining or rendering, medical treatment or reproductive health care services; or

b. strike, shove, restrain, grab, kick, or otherwise subject to unwanted physical contact or injury any person seeking to legally enter or exit the premises of a reproductive health care facility; or

c. knowingly follow and harass another person within twenty-five (25) feet of the premises of a reproductive health care facility; or

d. knowingly engage in a course of conduct or repeatedly commit acts within twenty-five (25) feet of the premises of a reproductive health care facility when such behavior places another person in reasonable fear of physical harm, or attempt to do the same; or

e. by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with, another person in order to discourage such other person or any other person or persons from obtaining or providing, or assisting in obtaining or providing, reproductive health care services; or

f.  by force or threat of force, or by physically obstructing or blocking, knowingly injure, intimidate, or interfere with, or attempt to injure, intimidate or interfere with, another person because such person was or is obtaining or providing reproductive health care services; or

g.  physically damage a reproductive health care facility so as to interfere with its operation, or attempt to do the same; or

h.  knowingly interfere with the operation of a reproductive health care facility, or attempt to do the same, by activities including, but not limited to, interfering with, or attempting to interfere with (i) medical procedures or treatments being performed at such reproductive health care facility; or (ii) the delivery of goods to such reproductive health care facility; or

i.  knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing a leaflet or handbill or food or liquid to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.


**Sec. 425.41. Violations.**

a.  Any person who shall violate any provision of section 425.31 shall be guilty of a misdemeanor, punishable by a fine not to exceed one thousand dollars ($1,000), or imprisonment not to exceed six (6) months, or both, for a first conviction under section 425.31; and

EXHIBIT M

b.  For a second and each subsequent conviction under section 425.31, the penalty shall be a fine not to exceed five thousand dollars ($5,000), or imprisonment not to exceed one (1) year, or both.

## Sec. 425.51. Civil cause of action.

Where there has been a violation of section 425.31, any person whose ability to access the premises of a reproductive health care facility has been interfered with, and any owner or operator of a reproductive health care facility or owner of a building in which such facility is located, and any employee, paid or unpaid, and any volunteer working for such facility, and any invitee, may bring a civil action in any court of competent jurisdiction, within five years of such violation, for any or all of the following relief: injunctive relief; actual damages suffered as a result of such violation, including, where applicable, damages for pain and suffering and emotional distress; treble the amount of actual damages suffered as a result of such violation; and attorney's fees and costs.

## Sec. 425.61. Civil action by County of Westchester.

The County Attorney may bring a civil action on behalf of the County, in accordance with the provisions of Sec. 158.11(3) of the Laws of Westchester County, in any court of competent jurisdiction for injunctive and other appropriate equitable relief in order to prevent or cure a violation of section 425.31.

## Sec. 425.71. Joint and several liability.

If it is found, in any action brought pursuant to the provisions of this chapter, that two (2) or more of the named defendants acted in concert pursuant to a common plan or design to violate

any provision of section 425.31, such defendants shall each be held jointly and severally liable for any fines or penalties imposed or any damages, costs, and fees awarded.

## Sec. 425.81. Construction.

a. No provision of this chapter shall be construed or interpreted so as to limit the right of any person or entity to seek other available criminal penalties or civil remedies, including either the Attorney General for the State of New York or the District Attorney for the County of Westchester.

b. No provision of this chapter shall be construed or interpreted so as to prohibit expression protected by the First Amendment of the Constitution of the United States or section eight of article one of the Constitution of the State of New York.

c. No provision of this chapter shall be construed or interpreted so as to limit the lawful exercise of any authority vested in the owner or operator of a reproductive health care facility, the owner of the premises in which such a facility is located, or a law enforcement officer of Westchester County or of any municipality within Westchester County, or of New York State or the United States, acting within the scope of such person's official duties.

## Sec. 425.91. Severability.

If any clause, sentence, paragraph, section, or part of this Local Law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section, or part thereof directly involved in the controversy in which such judgment shall have been rendered.

EXHIBIT M

**Section 2.**  This Local Law shall take effect immediately.

SCM-05/03/2022