

A national public interest law firm defending life, family and religious liberty.

December 22, 2022

**UNOPPOSED LETTER MOTION FOR CONFERENCE**

Hon. Philip M. Halpern, U.S.D.J.
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., Room 530
White Plains, NY 10601

Re: ***40 Days for Life v. County of Westchester*, 7:22-cv-06950 (PMH)**
*Rel. Vitagliano v. County of Westchester*, **7:22-cv-09370 (PMH)**

Dear Judge Halpern:

We are in receipt of counsel for Plaintiff Vitagliano's response to the pre-motion conference letter County defense counsel have presented to Your Honor respecting the County's motion under Rule 12(b)(6) to dismiss the Complaint in *Vitagliano*, which challenges only the "floating" eight-foot bubble zone provision of Chapter 425, as to which *Hill v. Colorado* remains the controlling authority. In their response, counsel for Vitagliano suggest that the Court treat the County's pre-motion conference letter as the Rule 12(b)(6) motion itself and decide it accordingly in light of *Hill*.

In view of this development, Plaintiffs in this case respectfully request a conference with the Court regarding the possibility of the Court *sua sponte* issuing the same decision as to Plaintiffs' bubble zone challenge in this case, both facially and as-applied, pursuant to the Court's inherent authority to do so under Rule 12, given that the Court is bound by *Hill* and Plaintiffs' good faith argument for a modification of controlling law must abide the Supreme Court's reconsideration of *Hill*. *See Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim.").

Should the Court be amenable to such a resolution at the requested conference, Plaintiff's would further request that any such dismissal be deemed a final judgement on the bubble zone issue under Rule 54(b) because "there is no just reason to delay entry of a final judgment" on the same issue as that presented in *Vitagliano. L.B. Foster Co. v. Am. Piles, Inc.,* 138 F.3d 81, 86–87 (2d Cir. 1998); *Info. Res., Inc. v. Dun & Bradstreet Corp.,* 294 F.3d 447, 451 (2d Cir. 2002)("determination that there is no just reason for delay" supported by "reasoned, even if brief, explanation" is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration.")(cleaned up)

Plaintiffs make these requests to avoid the potential prejudice that would accrue if their appellate challenge to the bubble zone provision, including an ultimate petition for certiorari seeking the overruling of *Hill*, were to be determined by the outcome of any appeal in *Vitagliano*, in which these Plaintiffs would

not be able to participate. We believe this is the paradigmatic case for application of Rule 54(b), there being "no just reason for delay" of appellate consideration of the same issue in both of these related cases at the same time. *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)

Further, what we propose would serve judicial economy by reducing the number of issues this Court would have to decide in this case, as Plaintiffs would be foregoing their challenge to the bubble zone on the several bases alleged in the Second Amended Verified Complaint, given the still-controlling decision in *Hill.* Thus, none of the evidence to be presented on Plaintiffs' challenges to the other provisions of Chapter 425 would involve the bubble zone, a clearly discrete and severable issue governed by the decision in *Hill*, and the preliminary injunction proceedings would be significantly streamlined.

Finally, we note that neither counsel for Plaintiff Vitagliano nor counsel for Westchester County would have any objection to the Court simply granting the requested relief without a conference.

Respectfully submitted,

s/Christopher A. Ferrara
Christopher A. Ferrara
Special Counsel – Thomas More Society
148-29 Cross Island Parkway
Whitestone, Queens, New York 11357
Telephone: 718-357-1040
cferrara@thomasmoresociety.org
*Counsel for Plaintiffs*

MICHAEL G. MCHALE, ESQ.*
Counsel
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
Telephone: 402-501-8586
mmchale@thomasmoresociety.org
*Counsel for Plaintiffs* (pro hac vice)

c: Counsel for Westchester County (by ECF)
   Mark Rienzi, counsel for Plaintiff Vitagliano (by email: mrienzi@becketlaw.org).
.

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King