UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OKSANA HULINSKY, et al.,

                Plaintiffs,

-against-

COUNTY OF WESTCHESTER,

                Defendant.

**ORDER**

22-CV-06950 (PMH)

PHILIP M. HALPERN, United States District Judge:

Before the Court is a motion to intervene under Federal Rules of Civil Procedure 24(a) and 24(b), filed by All Women's Medical Office Based Surgery, PLLC ("AWM" or "Proposed Intervenor"). AWM filed its motion on March 15, 2023, in accordance with the briefing schedule set by the Court. (Doc. 89). AWM, in support of its motion, filed a memorandum of law (Doc. 90, "AWM Br.") and a declaration from its Chief Administrator, Constance Considine (Doc. 91, "Considine Decl."). Plaintiffs filed a memorandum of law in opposition on March 29, 2023 (Doc. 92, "Pl. Br."), and the motion was fully submitted upon the filing of AWM's reply brief on April 5, 2023 (Doc. 93, "Reply").[1]

For the reasons set forth below, the motion to intervene is DENIED.

## STANDARD OF REVIEW

I. Intervention as of Right

AWM seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (Doc. 89). "The proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State*

---

[1] The County of Westchester ("Defendant" or "County") stated, in a letter filed on February 8, 2023, that it "supports AWM's request to intervene in this action, whether as-of-right or by permission." (Doc. 71).

1

*of New York*, No. 19-CV-11285, 2020 WL 5658703, at *5 (S.D.N.Y. Sept. 23, 2020).[2] To prevail on a motion to intervene as of right under Rule 24(a)(2), a movant must establish:

> (1) the motion is timely; (2) it asserts an interest relating to the property or transaction that is the subject of the action; (3) without intervention, disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) its interest is not adequately represented by the other parties.

*CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 F. App'x 260, 262 (2d Cir. 2019). The Second Circuit has "underscored that a failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (emphasis in original); *see also New York SMSA Ltd. P'ship v. Town of Carmel*, No. 19-CV-10793, 2022 WL 12064663, at *2 (S.D.N.Y. Oct. 20, 2022). "While accepting as true the non-conclusory allegations of the motion, courts applying Rule 24 must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016). Furthermore, "except for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention." *Oneida Indian Nation of Wisc. v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984).

II. Permissive Intervention

AWM alternatively moves for permissive intervention under Federal Rule of Civil Procedure 24(b). (Doc. 89). Rule 24(b) provides that "on timely motion, the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Courts consider "substantially the same factors" when

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

deciding whether to permit permissive intervention as for interventions as of right. *Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). Permissive intervention lies within the Court's "broad discretion," *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005). In exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ANALYSIS

I. Intervention as of Right

The Court, with respect to AWM's motion to intervene as of right under Rule 24(a)(2), considers each of the four elements seriatim.

    A. Timeliness of the Motion to Intervene

The court may consider, in assessing the timeliness of a motion to intervene, the following factors: "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000). "A district court has broad discretion in assessing the timeliness of a motion to intervene, which defies precise definition." *Id.* With respect to the notice factor, "Rule 24(a) requires courts to measure timeliness from the moment when the applicant had actual or constructive notice of its unrepresented interest." *Floyd*, 302 F.R.D. 69, 86 (S.D.N.Y. 2014).

AWM alleges that it "became aware of this lawsuit in the fall of 2022" at which time Plaintiffs were proceeding under the pseudonyms Jane Doe and Sally Roe. (Considine Decl. ¶ 17). On November 23, 2022, Plaintiffs filed their First Amended Complaint which revealed the identities of the Plaintiffs. (Doc. 52). AWM alleges that after Plaintiffs' true identities were

disclosed, AWM believed that they may have an interest in this action and "after considering AWM's legal options and rights, AWM obtained legal counsel on or around January 4, 2023" to explore whether a legal basis existed for intervention. (Considine Decl. ¶ 18). AWM subsequently filed its motion to intervene on February 3, 2023. (Doc. 89). Relying on *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, Plaintiffs argue that AWM has been on "constructive notice" of this action since the filing of the complaint, which was "publicly available." (Pl. Br. at 4-5 (citing *Mastercard*, 471 F.3d 377, 390 (2d Cir. 2006)).

Plaintiffs' reliance on *Mastercard* is misplaced because the instant case is distinguishable. The proposed intervenor in *Mastercard* had actual knowledge of the underlying commercial transaction since before the lawsuit commenced and further, the proposed intervenor was "in contact" with the defendant in the lawsuit "throughout the course of the litigation." 471 F.3d at 390. There is no suggestion, either from AWM or Plaintiffs, that AWM had actual knowledge of the underlying dispute or that AWM was in contact with Defendant during the pendency of this action. In any event, AWM filed its motion to intervene on February 3, 2023, approximately five months after Plaintiffs commenced this action. (Doc. 89). Courts in this district have held that filing delays of similar lengths did not render a motion to intervene untimely. *See Rodriguez v. It's Just Lunch, Int'l*, No. 07-CV-09227, 2013 WL 1749590, at *3 (S.D.N.Y. Apr. 23, 2013) (filing a motion to intervene five months after receiving notice of interest in the action was not untimely); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99-CV-11395, 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000) (same).

"Although notice of an applicant's unrepresented interest is important, it is not dispositive." *Floyd*, 302 F.R.D. at 98. "Rather, it is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the

4

existing parties." *Id.* "Absent any significant prejudice to the existing parties, courts usually consider an application for intervention as timely." *Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87-CV-00675, 1990 WL 188925, at *2 (S.D.N.Y. Nov. 20, 1990). The only source of prejudice to which Plaintiffs point in opposition to AWM's motion to intervene is that intervention would purportedly "require a new and wholly unnecessary briefing schedule on" Plaintiffs' motion for preliminary injunction. (Pl. Br. at 6-7). AWM however represents that it "does not seek to reopen the briefing schedule, as it will be able to defend its interests regardless of how the Court rules on the preliminary injunction motion." (Reply at 4). In any event, this concern is rendered moot given the Court's denial of Plaintiffs' motion for preliminary injunction on April 24, 2023. (Doc. 94). The Court has not scheduled a Rule 16 initial pretrial conference, no scheduling orders related to discovery deadlines have been issued, and no discovery has taken place. "In other words, this litigation is in its early stages such that the motion to intervene is timely because the intervention would not significantly affect the case's manageability." *CIFI Latam, S.A. v. Tauch*, No. 19-CV-05607, 2020 WL 1164687, at *2 (S.D.N.Y. Mar. 11, 2020). Accordingly, AWM's motion to intervene is timely and it thus satisfies the first requirement to intervene as of right.

    B. <u>AWM's Interest in the Subject Matter of this Action</u>

For an interest to be cognizable under Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *Wash. Electric Coop., Inc. v. Mass. Mun. Wholesale Electric Co.*, 922 F.2d 92, 97 (2d Cir. 1990). On the other hand, "an interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.* AWM alleges that should Plaintiffs prevail in overturning Chapter 425, it "would significantly impede AWM's ability to operate and carry out their business." (AWM Br. at 1). AWM further alleges that it has "vital financial and reputation interests

5

to protect in this action" including protecting the safety and privacy of its staff and employees. (AWM Br. at 8). This Court previously held that Chapter 425 was enacted in order to "protect persons seeking access to reproductive health care facilities and services both inside facilities as well as outside said facilities." (Doc. 94 at 16). AWM is one of the very reproductive health care facilities whose patients and staff Chapter 425 was enacted to protect. The Second Circuit made clear in *N.Y. Pub. Interest Research Grp. v. Regents of Univ. of N.Y.*, that a "sufficient interest to permit [a party] to intervene" exists where "the validity of a regulation from which its members benefit is challenged." 516 F.2d 350, 352 (2d Cir. 1975). That is precisely the fact pattern here, where Plaintiffs are challenging the validity of Chapter 425, which directly benefits reproductive health care facilities located in Westchester County such as AWM. Accordingly, AWM asserts an interest relating to the subject of this action and thus, satisfies the second requirement to intervene as of right.

    C.  Impairment of AWM's Interest Without Intervention

An applicant for intervention must show that "the disposition may as a practical matter impair or impede their ability to protect their interests." *N.Y. Pub. Interest Research Grp.*, 516 F.2d at 352. AWM argues that if Chapter 425 is found to be unconstitutional, it "would have fewer legal protections to adequately run its business, protect its economic and reputational interests, and ensure safe access for its staff and patients." (AWM Br. at 10). The merits question before the Court in this action is whether certain provisions of Chapter 425 are constitutionally permissible. Changing the protections afforded by Chapter 425 may in turn affect safe access for AWM's staff and patients to its facility. "That means the litigation—at the merits phase—may impair [AWM's] interest." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 800 (2d Cir. 2022). Accordingly, AWM has demonstrated that without intervention, disposition of the

6

action may impair or impede AWM's ability to protect its interest and it therefore satisfies the third requirement to intervene as of right.

        D.  Adequacy of Defendant's Representation of AWM's Interest

"While the burden to demonstrate inadequacy of representation is generally speaking minimal," the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Where the putative intervenor and named party have the same ultimate interest, "the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Id.* "The proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999). Representation is not inadequate simply because "the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *Id.* "A putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party." *NRDC, Inc. v. N.Y. State Dep't of Envtl. Conservation*, 834 F.2d 60, 62–63 (2d Cir. 1987). "So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented." *Id.* at 62.

AWM has failed to rebut the presumption of adequate representation by the Defendant. AWM and Defendant "share the same goal: upholding [Chapter 425]." *New York v. United States Dep't of Health & Hum. Servs.*, No. 19-CV-04676, 2019 WL 3531960, at *5 (S.D.N.Y. Aug. 2, 2019). Defendant has already shown its intent to defend Chapter 425's constitutionality vigorously

by successfully opposing Plaintiffs' motion for a preliminary injunction, and there is no indication that Defendant will not continue to do so. (Doc 81; Doc. 94). AWM argues that Defendant's position regarding Chapter 425 "may change either during the pendency of the litigation or following the resolution of the litigation," pointing to Defendant's "willingness to stay enforcement of [Section 425.31(c)] during the pendency of the litigation" during the January 18, 2022 pre-motion conference on Plaintiff's motion for preliminary injunction. (AWM Br. at 11). Although Defendant stated that it was considering voluntarily staying enforcement of Section 425.31(c), it ultimately did not do so and instead opposed Plaintiffs' motion to preliminarily enjoin the enforcement of that provision. (Doc. 81). AWM's concern that Defendant may change its position regarding the constitutionality of Chapter 425 "is entirely speculative" and does not make Defendant's representation of AWM's interests inadequate. *New York*, 2019 WL 3531960, at *6 (holding that concerns that defendant "may mount such a tactical retreat is entirely speculative" and does not therefore make defendant's representation inadequate). Accordingly, AWM's interest is adequately represented by Defendant, and it therefore fails to satisfy the fourth requirement for intervention as of right. Accordingly, because "a failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application," *Floyd*, 770 F.3d at 1057, AWM's motion to intervene as of right is denied.

II.   Permissive Intervention

The Court, in exercising its broad discretion, declines to permit intervention under Rule 24(b). As set forth *supra*, AWM's interests are aligned with Defendant's interests in this action and AWM has failed to show that Defendant has inadequately represented those aligned interests. Allowing a private party like AWM to intervene in a case that was commenced on August 15, 2022 "would unduly delay the resolution of the action" and allowing a private party to defend this action alongside the County "would add an unwelcome layer of complexity outweighing any advantage." *S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 457, 468 (S.D.N.Y. 2000). Accordingly, AWM's motion for permissive intervention is denied.

## CONCLUSION

For the reasons set forth above, AWM's motion to intervene under Federal Rules of Civil Procedure 24(a) and 24(b) is denied. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 89.

SO ORDERED.

Dated:   White Plains, New York
         April 28, 2023

_____
PHILIP M. HALPERN
United States District Judge