UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OKSANA HULINSKY, et al.,

                Plaintiffs,

-against-

COUNTY OF WESTCHESTER,

                Defendant.

**OPINION & ORDER**

22-CV-06950 (PMH)

PHILIP M. HALPERN, United States District Judge:

Oksana Hulinsky and Regina Molinelli ("Plaintiffs") commenced this action against the County of Westchester ("Defendant") on August 15, 2022. (Doc. 1). On December 20, 2022, Plaintiffs filed a Second Amended Complaint, challenging certain provisions of Local Law 9-2022 ("Chapter 425").[1] (Doc. 52, "SAC"). Plaintiffs bring claims under 42 U.S.C. § 1983 alleging (1) Defendant violated their First Amendment rights to free speech and assembly; (2) Defendant violated the Due Process Clause of the Fourteenth Amendment; and (3) Defendant violated their First Amendment right to free exercise of religion. (*Id.* ¶¶ 157-206).

The Court, on March 14, 2025, granted in part and denied in part Defendant's motion for summary judgment seeking to dismiss Plaintiffs' action. (Doc. 121, "Prior Opinion and Order").[2] Specifically, the Court granted Defendant's motion concerning Plaintiffs' First Amendment Free Speech theory in their first claim for relief, and Plaintiffs' second claim for relief as to Sections 425.31(a), (c), (e) and (f); and granted Defendant's motion concerning Plaintiffs' third claim for

---

[1] The Court assumes the parties' familiarity with the underlying facts and procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Opinion and Order that is the subject of the instant motion for reconsideration.

[2] This decision is available on commercial databases. *Hulinsky v. Cnty. of Westchester*, No. 22-CV-06950, 2025 WL 835646 (S.D.N.Y. Mar. 14, 2025).

1

relief as to Sections 425.31(a), (c), (e), (f), and (h). The Court denied Defendant's motion as to Plaintiffs' first and second claims for relief concerning Section 425.31(h).

On March 26, 2025, Plaintiffs filed a motion for partial reconsideration of the Court's Prior Opinion and Order. (Doc. 122; Doc. 122-1, "Pl. Br."; Doc. 122-2). Plaintiffs also requested that the Court schedule oral argument on their motion. (Doc. 122). Defendant filed its opposition on April 9, 2025 (Doc. 123, "Def. Br."), and the motion was fully submitted upon the filing of Plaintiffs' reply on April 16, 2025 (Doc. 124).

For the reasons stated herein, Plaintiffs' partial motion for reconsideration is DENIED.

## STANDARD OF REVIEW

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).[3] It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that "[t]he standard for granting [a reconsideration] motion is strict[.]"). Moreover, a motion for reconsideration "may not

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365.

## ANALYSIS

Plaintiffs seek reconsideration of the Court's prior ruling on only two of the challenged provisions in Chapter 425: Sections 425.31(c), and 425.31(h). (Pl. Br. at 4).[4]

I. Section 425.31(c)

Section 425.31(c) makes it unlawful to "knowingly follow and harass another person within 25 feet of: (i) the premises of a reproductive health care facility; or (ii) the entrance or exit of a public parking lot serving a reproductive health care facility." § 425.31(c). Section 425.21(c) defines "harass" to mean "to engage in a course of conduct or repeatedly commit conduct or acts that alarm or seriously annoy another person and which serve no legitimate purpose." § 425.21(c). The definition further provides that "[f]or the purposes of the definition, conduct or acts that serve no legitimate purpose include, but are not limited to, conduct or acts that continue after an express or implied request to cease has been made." *Id.*

Plaintiffs argue that the Court erred in its holding that this provision did not violate either the Due Process Clause of the Fourteenth Amendment or the Free Speech Clause of the First Amendment. (Pl. Br. at 4-8).

A. Due Process

Plaintiffs' Due Process claim alleges that all the challenged provisions are unconstitutionally vague. (SAC ¶¶ 192-199). "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable

---

[4] Citations to the parties' briefing correspond to the pagination generated by ECF.

3

opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

Plaintiffs, in their motion, argue that the Court erred in holding that they waived the second ground for a vagueness challenge: that Section 425.31(c) encourages arbitrary and discriminatory enforcement. (Pl. Br. at 4). More specifically, Plaintiffs assert that they did not waive the argument that "the 'implied request to cease' clause" in Section 425.21(c)'s definition "fails to provide sufficiently clear enforcement standards." (*Id.*). The Court does not agree with Plaintiffs that the Court inadvertently overlooked their argument about whether the implied-request-to-cease clause provides sufficiently clear enforcement standards.[5] Even if the Court had considered this argument, however, it would not change the Court's prior ruling. *See Enzymotec Ltd. v. NBTY, Inc.*, No. 08-CV-02627, 2011 WL 2601500, at *3 (E.D.N.Y. June 29, 2011) (denying a motion to reconsider and explaining that "even if it reconsidered the 'overlooked' argument, it would not alter the Court's holding"); *Rochelle v. Autozoners, LLC*, No. 21-CV-01220, 2023 WL 7019013, at *3 (S.D.N.Y. Oct. 25, 2023) ("In any event, had the Court addressed this argument in the Prior Order, its conclusion would not change.").

The Court's prior reasoning about whether the implied-request-to-cease clause provides adequate notice applies with equal force to whether the clause provides sufficiently clear enforcement standards. As the Court explained, "New York Penal Law § 240.26"—New York's harassment statute—"and its associated case law provide guidance on what constitutes an 'implied request to cease.'" (Prior Opinion and Order at 30 (quotation marks omitted)). The statute and related case law illustrate that law enforcement officials are not imbued with unbound discretion

---

[5] The Court recognizes that Plaintiffs raised, in one sentence of their brief, "But '[s]pecifying an intent element does not save' such a provision 'because … the standard by which the conduct to be assessed remains vague.'" (Doc. 114 at 27 (alteration in the original; citation omitted)).

4

in evaluating whether an individual ignored an "implied request to cease" in the specific context of an "unwanted communication by traveling down the street." (*Id.* (quotation marks omitted)). More importantly, as the Court has previously explained, "any vagueness concerns with respect to Section 425.31(c) is ameliorated by [the statute's] scienter requirement." (*Id.* (quotation marks omitted); Doc. 94 at 20)).

    B.  Free Speech

Plaintiffs also seek reconsideration of the Court's holding that the "'implied request to cease' clause is narrowly tailored even *as applied* to Plaintiffs' speech." (Pl. Br. at 6). Plaintiffs argue that "this Court's [] analysis finding the 'or otherwise' clause not narrowly tailored applies just as much" to the "implied request to cease" clause in Section 425.21(c)'s definition. (*Id.*). To start, this is a new argument and may be rejected on that basis alone. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'"); *New York v. Trump*, No. 25-CV-01144, 2025 WL 1095147, at *5 (S.D.N.Y. Apr. 11, 2025) ("A motion for reconsideration looks only to already-considered issues; new arguments and issues are not to be considered."). In any event, Plaintiffs are incorrect that the Court's "analysis [about] the 'or otherwise' clause" "applies just as much" to the "implied request to cease" clause.

As the Court explained in the Prior Opinion and Order, Section 425.31(h), on its face, criminalizes pure sidewalk counseling. (Prior Opinion and Order at 18-22). In other words, an individual can run afoul of Section 425.31(h) "simply [by] standing near the path of oncoming pedestrians and proffering his or her material." *Cf. Hill*, 530 U.S. at 727. The same is not true of Section 425.31(c)—either facially or as applied to Plaintiffs. Instead, Plaintiffs only violate Section

5

425.31(c) by knowingly following and harassing another within 25 feet of a reproductive health care facility. Section 425.31(c) thus criminalizes—"even *as applied* to Plaintiffs[]"[6]—knowing conduct, not speech. Plaintiffs' remaining First Amendment arguments concerning Section 425.31(c) were previously raised but rejected by the Court. (Pl. Br. at 7-8); *see Vista Food Exch., Inc. v. Lawson Foods, LLC*, No. 17-CV-07454, 2020 WL 7364489, at *2 (S.D.N.Y. Dec. 15, 2020) ("[G]eneral dissatisfaction with the Court's conclusion . . . does not constitute an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice meriting reconsideration.").

Accordingly, Plaintiffs' motion to reconsider the Prior Opinion and Order concerning Section 425.31(c) is denied.

II.   Section 425.31(h)

Section 425.31(h) prohibits "[k]nowingly interfer[ing] with the operation[s] of a reproductive health care facility." § 425.31(h). "Interfere with" is defined to mean "to stop or to restrict a person's freedom of movement, or to stop, obstruct, or prevent, through deceptive means or otherwise." § 425.21(d).[7]

The Court, in the Prior Opinion and Order, denied Defendant's motion for summary judgment as to Section 425.31(h). The Court held that the inclusion of the phrase "or otherwise" in Chapter 425's definition of "interfere with," combined with the lack of a physical force or threat requirement, rendered Section 425.31(h) as overbroad, vague, and not narrowly tailored. (Prior Opinion and Order at 18-24, 32-34). Plaintiffs, despite surviving summary judgment on this point,

---

[6] Plaintiffs italicize the words "as applied" on several pages of their brief. (Pl. Br. at 4, 6, 8). The Court's Prior Opinion and Order analyzed Plaintiffs' claims both facially and as-applied to Plaintiffs' conduct.

[7] As the Court previously explained, Defendant amended the definition of "interfere with" in 2023, which, under established precedent, the Court applied in analyzing Plaintiffs' claims. (Prior Opinion and Order at 18 n.12).

still take issue with the Court's ruling. Plaintiffs argue that the Court erred in its holding that the phrase "deceptive means" in Chapter 425.21(d)'s definition does not separately render Section 425.31(h) as "vague, content-based, [and] insufficiently tailored" in violation of the Due Process Clause of the Fourteenth Amendment and the Free Speech Clause of the First Amendment. (Pl. Br. at 8-12).

### A. Due Process

With respect to their vagueness argument, Plaintiffs assert that the Court erred in its reliance on the fact that the United States Congress has consistently used the term "deceptive" in federal statutes since the 1930s. (*Id.* at 8-9). These statutes, Plaintiffs note, involve "commercial speech," which receive less constitutional protection than "non-commercial speech on publicly disputed issues." (*Id.*).

As an initial matter, this is again a new argument—supported by certain cases that Plaintiffs could have but did not previously cite—and thus improper on a reconsideration motion. *See Analytical Survs., Inc.*, 684 F.3d at 52.[8] Beyond that, however, Plaintiffs still fail to articulate how this common term is vague. Merely invoking the First Amendment and claiming that one is expressing non-commercial speech is insufficient. *See Nat'l Inst. of Fam. & Life Advocs. v. Clark*, 737 F. Supp. 3d 246, 262-63, 268-69 (D. Vt. 2024) (holding that the term "mislead" was not vague despite finding that the challenged provision regulated non-commercial speech).

Indeed, Plaintiffs do not dispute that "deceptive" has a commonly understood meaning. *See Crum v. SN Servicing Corp.*, No. 19-CV-02045, 2021 WL 3514153, at *2 n.1 (S.D. Ind. Aug.

---

[8] Plaintiffs, in support of both their Due Process and First Amendment arguments, cite for the first time *Nat'l Inst. for Fam. & Life Advocs. v. James*, 746 F. Supp. 3d 100 (W.D.N.Y. 2024), which was decided after the parties completed their summary judgment briefing. (Pl. Br. at 9-10, 11-12). *James*, however, only addressed the plaintiff's Free Speech claims. 746 F. Supp. 3d at 118 n.10. The Court therefore will discuss this case *infra*.

10, 2021) ("In common parlance, 'deceptive' means 'tending or having power to cause someone to accept as true or valid what is false or invalid.'" (quoting *Deceptive*, Merriam-Webster's Collegiate Dictionary (11th ed. 2020)); *see also Deception*, Black's Law Dictionary (12th ed. 2024) (similar).[9] Plaintiffs instead argue that, in the context of the national debate around abortion, what is "deceptive" is subjective. (Pl. Br. at 9-10). Yet this argument skips over Section 425.31(h)'s scienter requirement. Under this requirement, one must *know* that he or she is "caus[ing] someone to accept as true or valid what is false or invalid." *Deceptive*, Merriam-Webster's Collegiate Dictionary (11th ed. 2020). As applied to Plaintiffs, they only violate Section 425.31(h) through use of "deceptive means" if they know that the information they are sharing during their sidewalk counseling is causing someone to believe something that is false. Thus, this knowing requirement, under well-established precedent, "ameliorate[s]" any vagueness concerns. *Hill*, 530 U.S. at 732.

    B. <u>Free Speech</u>

Plaintiffs next argue that the Court erred in its First Amendment analysis of the phrase "deceptive means" in two independent ways. First, Plaintiffs argue that this phrase transformed Section 425.31(h) into a "facially content-based" provision and thus should have been subject to strict scrutiny review. (Pl. Br. at 10-11). This argument, however, was previously raised and rejected by the Court. *See Goldberg v. Stein Saks, PLLC*, No. 23-CV-03089, 2025 WL 673451, at *2 (S.D.N.Y. Mar. 3, 2025) ("A motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court

---

[9] As previously explained, courts, in the context of constitutional challenges, "ascertain [a] word's intended meaning by looking to the word's ordinary, contemporary, common meaning." (Prior Opinion and Order at 14 (cleaned up)). "For the common, ordinary meaning, courts often look to a word's dictionary definition." (*Id.* (quotation marks omitted)).

or reargue the same points that were previously raised and rejected.").[10] Second, Plaintiffs assert, for the first time, that Section 425.31(h) is not narrowly tailored because of the inclusion of the phrase "deceptive means" in the definition of "interfere with." (*Compare* Pl. Br. at 11-12, *with* Doc. 114 at 31-32). "The Court will not reconsider its prior [Opinion and] Order on the basis of arguments that Plaintiffs chose not to make." *Yanez Osuna v. Citigroup Inc.*, No. 17-CV-01434, 2019 WL 10945119, at *2 (S.D.N.Y. Aug. 10, 2019).

Finally, Plaintiffs cite *James*, 746 F. Supp. 3d at 100, which they claim bolsters their argument that the phrase "deceptive means" cannot withstand First Amendment scrutiny. (Pl. Br. at 11). This newly presented case does not alter the Court's Prior Opinion and Order. The *James* court granted the plaintiffs' request for a preliminary injunction, enjoining New York's Attorney General from enforcing the state's deceptive practices act against several pro-life groups. *James*, 746 F. Supp. 3d at 124. The Court, in so holding, relied on a record replete with prior enforcement actions by New York's Attorney General against pro-life groups under this act for their advocacy about "abortion pill reversal." *Id.* at 110-11, 121-22.

No such record exists here. To the contrary, Plaintiffs do not identify a single prosecution or civil action commenced under Chapter 425. The Court emphasized this fact in resolving Defendant's summary judgment motion: "Nor have Plaintiffs, for their as-applied challenge,

---

[10] Plaintiffs had cited *United States v. Alvarez*, 567 U.S. 709 (2012), in their underlying briefing to argue that the phrase "deceptive means" in the definition of "interfere with" rendered Section 425.31(h) as "content based." (Doc. 114 at 30). The Court considered and rejected this argument. Unlike the challenged law in *Alvarez*, Section 425.31(h), in conjunction with the definition of "interfere with," does not prohibit "falsity alone." 567 U.S. at 719-22 (subjecting the "Stolen Valor Act," which criminalized false oral or written claims concerning the receipt of military decorations or medals, to strict scrutiny review and holding that the act violated the First Amendment). Instead, one only violates Section 425.31(h) through use of "deceptive means" by knowingly "caus[ing] someone to accept as true or valid what is false or invalid," *Deceptive*, Merriam-Webster's Collegiate Dictionary (11th ed. 2020), in order to "stop, obstruct, or prevent" in relation to the "operation[s] of a reproductive health care facility," §§ 425.21(d); 425.31(h). *Alvarez* is thus readily distinguishable, did not persuade the Court on summary judgment, and does not persuade the Court now on reconsideration.

offered any evidence that Defendant has applied any of the Challenged Provisions in a discriminatory manner." (Prior Opinion and Order at 15 (citing *Univ. at Buffalo Young Americans for Freedom v. Univ. at Buffalo Student Ass'n Inc.*, No. 23-CV-00480, 2024 WL 5119779, at *24 (W.D.N.Y. Dec. 15, 2024))). As the Court previously explained, Chapter 425's text is content neutral. (*Id.* at 14).

Accordingly, Plaintiffs' motion to reconsider the Prior Opinion and Order concerning Section 425.31(h) is denied.

## CONCLUSION

For the foregoing reasons, the partial motion for reconsideration is DENIED. Plaintiffs' request for oral argument is denied as unnecessary. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 122).

Dated: White Plains, New York
       April 28, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge