Thomas More SOCIETY

**BY ECF**

Hon. Philip M. Halpern
Federal Building and United State[s]
300 Quarropas Street
White Plains, NY 10601-4150

RE:    **Hulinsky et al v. Westch[e]**
       **Case No. 7:22-cv-6950**

Dear Judge Halpern:

> The parties' deadline to file a proposed final judgment and Plaintiffs'
> deadline to file their fee application are adjourned *sine die*.
>
> Defendant, by September 15, 2025, shall respond to Plaintiffs'
> request to defer the Court's consideration of Plaintiffs' attorney's fees
> until the resolution of their contemplated appeal.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         September 8, 2025

I write to respectfully request, with the consent of opposing counsel, a three-week adjournment of the deadline for submission of a form of final judgment and a fee petition from the current date of September 11, 2025, to October 2, 2025. This is my first and only request for an extension. My co-counsel, who will be drafting the fee petition and did the majority of the legal research and analysis on this case, has been under multiple impending deadlines in litigation against federal and state governments and has been unable to adequately prepare a fees analysis with relevant case law respecting, *inter alia*, fees in nominal damages scenarios, both for purposes of negotiation (as the court has directed) and the fee petition proper.

I am also respectfully requesting that the Court consider deferring the issue of attorney fees until resolution of Plaintiffs' contemplated appeal from the impending final judgment respecting Chapter 425's "follow and harass" provision in §425.31(c), incorporating the definition of "harass" in §425.21(a)("… conduct or acts that continue after an express or implied request to cease has been made."). The County *opposes* this request and would respond to this letter without a reply by Plaintiffs, to which procedure Plaintiffs agree subject to Your Honor's approval.

Deferral of the attorney fee question pending appeal of the final judgment is well within the discretion of the Court and is routinely granted for the sake of judicial economy, given that success on appeal would bear on Plaintiffs' overall entitlement to fees. *Apex Employee Wellness Services, Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 CIV. 9718, 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017) ("[C]ourts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits."). *See also*, *American Freedom Defense Initiative v. Metropolitan Transp. Authority*, 889 F.Supp.2d 606, 613 (S.D.N.Y., 2012)(granting deferral of attorney fee question pending appeal "in the interests of judicial economy" because "resolution of MTA's appeal… may bear on AFDI's entitlement to fees.") *See also*, *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 273 F.Supp.2d 292, 327 n. 30 (W.D.N.Y.2003)("[I]in the interests of judicial economy I will defer deciding defendants' request pending the outcome of an appeal, if any, or until after plaintiff's time to appeal has expired.").

The requested deferral of the attorney fee question will avoid duplicate litigation over attorney fees—once now, and then again after the contemplated appeal, should plaintiffs prevail in the Second Circuit. "[D]eferring a ruling on [Plaintiffs'] motion for attorneys' fees until the

Second Circuit resolves [the appeal] ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." *Doe ex rel. Doe v. E. Lyme Bd. of Educ.*, 3:11 CV 291(JBA), 2014 WL 4370504, at *2 (D.Conn. Sept. 2, 2014)(cleaned up); *Philadelphia Indemnity Insurance Company v. Central Terminal Restoration Corporation*, 2017 WL 3431404, at *2 (W.D.N.Y., 2017)("[D]eferring ruling on CTRC's motion for attorneys' fees will avoid the necessity of a second motion seeking the fees associated with litigating the appeal…"); *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, No. 6:09-CV-6043 MAT, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014)("Under these circumstances, the Court finds that delaying resolution of Plaintiffs' request for attorneys' fees until Defendants appeal on the merits has been decided is the more prudent course of action…")(cleaned up).

Indeed, "Plaintiffs are likely to seek supplemental attorneys' fees for the *present* fee application if they prevail on liability before the Second Circuit," *Mhany Mgmt. Inc. v. Inc. Vill. of Carden City*, 44 F. Supp. 3d 283, 286 (E.D.N.Y. 2014), regarding the follow-and-harass clause. Deferral serves judicial economy in this situation. *See id.*

Accordingly, Plaintiffs respectfully request that the form of final judgment to be submitted incorporate a deferral of the attorney fee application until after the contemplated appeal has been resolved, with the fee petition to be submitted within twenty-one (21) days of issuance of the mandate by the Second Circuit.

Respectfully submitted,

/s/Christopher A. Ferrara
Christopher A. Ferrara
Senior Counsel
THOMAS MORE SOCIETY
148-29 Cross Island Parkway
Whitestone, Queens, NY 11357
Tel. (718) 357-1040
cferrara@thomasmoresociety.org