UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OKSANA HULINSKY, et al.,

               Plaintiffs,

    -against-

COUNTY OF WESTCHESTER,

               Defendant.

**ORDER**

22-CV-06950 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Oksana Hulinsky and Regina Molinelli ("Plaintiffs") commenced this action against the County of Westchester ("Defendant") on August 15, 2022. (Doc. 1). On March 14, 2025, the Court granted in part and denied in part Defendant's motion for summary judgment seeking to dismiss Plaintiffs' action. (Doc. 121). On August 12, 2025, the Court entered judgment in favor of Plaintiffs on their first and second claims for relief with respect to the 2022 version of Section 425.31(h) of Local Law 9-2022, Chapter 425 of the Laws of Westchester County, and deemed Plaintiffs "prevailing parties" within the meaning of 42 U.S.C. § 1988. (Doc. 140). The Court, in that same Opinion and Order, directed (1) the parties to meet and confer and file a proposed judgment for the Court's consideration; and (2) Plaintiffs to file their fee application. (*Id.*). On September 5, 2025, Plaintiffs moved to defer the issue of attorneys' fees until the Second Circuit's resolution of their contemplated appeal. (Doc. 141). The Court, in response to Plaintiffs' request, adjourned the parties' deadlines *sine die*. (Doc. 142). Defendant subsequently filed an opposition. (Doc. 143).

    After carefully reviewing the parties' arguments and applicable case law, the Court finds that deferring ruling on the issue of attorneys' fees and expenses is the most prudent course. *See Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 285 (E.D.N.Y. 2014) ("Where

the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees." (citation omitted)); *Ema Fin., LLC v. Vystar Corp.*, No. 19-CV-01545, 2024 WL 4907848, at *1 (S.D.N.Y. Aug. 5, 2024) ("[C]ourts routinely defer or deny a motion for attorney's fees until a mandate from the appellate court is issued."); *see also Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 889 F. Supp. 2d 606, 613 (S.D.N.Y. 2012) ("[T]he Court will defer ruling on this application until the resolution of [the defendant's] appeal."). To that end, Defendant has not established it would suffer any prejudice by deferring the Court's ruling on Plaintiffs' fee application.

Accordingly, the Court grants Plaintiffs' motion (Doc. 141) to defer ruling on their motion for attorneys' fees until after the Second Circuit renders a decision on their contemplated appeal. Plaintiffs' fee application shall be due within twenty-one (21) days of the return of the mandate by the Second Circuit. The parties, by September 30, 2025, shall file a proposed judgment for the Court's consideration that incorporates the Court's rulings herein.

SO ORDERED:

Dated: White Plains, New York
       September 16, 2025

Philip M. Halpern
United States District Judge