UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLGA HULINSKY and REGINA JOY CREARY MOLINELLI,<br><br>Plaintiffs,<br><br>– against –<br><br>COUNTY OF WESTCHESTER,<br><br>Defendant. | 22-cv-6950 (PMH)<br><br>Related case:<br>22 Civ. 09370 (Dismissed)<br><br>**FINAL JUDGMENT** |

**WHEREAS**, on April 24, 2023 the Court, in denying Plaintiff's motion for a preliminary injunction (Doc. 94), found lack of standing as to White Plains 40 Days for Life and Plaintiff 40 Days for Life and directed their termination as parties to this action; and

**WHEREAS**, the Court thereafter considered and rendered an opinion on Defendant's motion for summary judgment seeking to dismiss Plaintiffs' action (Doc. 121); and

**WHEREAS**, the Court held, after discussing recent Second Circuit precedent, that the individual Plaintiffs OLGA HULINSKY and REGINA JOY CREARY MOLINELLI, had established pre-enforcement standing for all the challenged provisions in Chapter 425 of the Laws of Westchester County ("LWC"); and

**WHEREAS**, the Court granted summary judgment to Defendant on the following claims: Plaintiffs' First Amendment Free Speech and overbreadth claims (in their first claim for relief) as to LWC § 425.31(a), (c), (e) and (f); Plaintiffs' Fourteenth Amendment Due Process claim (in their second claim for relief) as to LWC §425.31(a), (c), (e) and (f); and Plaintiffs' First Amendment Free Exercise claim (in their third claim for relief) as to LWC § 425.31(a), (c), (e), (f), and (h); and

**WHEREAS**, the Court denied Defendant's motion for summary judgment as to Plaintiffs' first and second claims for relief concerning LWC § 425.31(h) under the First Amendment and the Fourteenth Amendment, respectively, because Section 425.31(h) prohibited "knowingly interfer[ing] with the operation of a reproductive health care facility" without a physical obstruction, physical force, or threat requirement, and Section 425.21(d) defined "interfering with" as "to stop or to restrict a person's freedom of movement, or to stop, obstruct, or prevent, through deceptive means or otherwise," such that, in the Court's opinion, Section 425.31(h) "prohibit[ed] . . . sidewalk counseling"; and

**WHEREAS**, the Court found that Section 425.31(h) was unconstitutionally vague, overbroad, and not narrowly tailored; and

**WHEREAS**, on April 22, 2025, following the Court's Opinion and Order on summary judgment, the County of Westchester amended Section 425.31(h) to prohibit only "physical" interference and amended the definition of "interfere with" (now codified at Section 425.21(b)) so that it now means only "to stop, to obstruct, or to restrict a person's freedom of movement"; and

**WHEREAS**, on April 28, 2025, the Court issued an Opinion & Order denying Plaintiffs' motion for reconsideration (Doc. 125); and

**WHEREAS**, on May 6, 2025, the parties appeared before the Court for a conference where Plaintiffs agreed that they were not challenging Section 425.31(g), and voluntarily waived their right to proceed with a challenge to that provision, which was therefore dismissed with prejudice; and

**WHEREAS**, at the May 6, 2025 conference, Plaintiffs further agreed to waive their right to proceed on any theory of liability under the Freedom of Assembly Clause of the First Amendment, which was therefore dismissed with prejudice; and

**WHEREAS**, on May 7, 2025, Plaintiffs voluntarily withdrew their claims for injunctive relief regarding challenged provisions of Chapter 425 that were amended or repealed—to wit, the repealed "or otherwise" clause in the definition of "interference" in Section 425.21(d), and used in Section 425.31(h) (2022 version); the "deceptive means" clause in the definition of "interference" in Section 425.21(d), and as used in Section 425.31(h) (2022 version), and the term "prevent" in the definition of "interference" in Section 425.21(d), as used in Section 425.31(h) (2022 version); and

**WHEREAS**, on May 20, 2025, the parties filed a stipulation (Doc. 131), which the Court later so-ordered (Doc. 139), laying out the "remaining issues in this action," those being (1) whether Defendant has liability to Plaintiffs with respect to the 2022 version of Section 425.31(h); (2) Plaintiffs' entitlement, or not, to nominal damages; and (3) whether Plaintiffs are entitled to apply for attorneys' fees and costs as "prevailing parties" under 42 U.S.C. § 1988 (Stipulation at 2, Doc. 131); and

**WHEREAS**, the parties further agreed that these issues "shall be adjudicated by a nonjury trial" and that "[i]n lieu of a formal nonjury trial, the parties shall proceed" on the papers, based upon "the existing evidentiary record already available to the parties and the Court"; and

**WHEREAS**, the Court decided (Doc. 140) that (1) Plaintiffs are entitled to judgment in their favor that the prior (2022) version of Section 425.31(h) violated their constitutional rights; (2) Plaintiffs are entitled to an award of one dollar ($1.00) in nominal damages; and (3) Plaintiffs are "prevailing parties" within the meaning of 42 U.S.C. § 1988 who may apply to the Court for an award of attorneys' fees and costs; and

**WHEREAS**, the Court (Doc. 144) granted Plaintiffs' motion (Doc. 141) to defer a ruling on their motion for attorneys' fees until after the U.S. Court of Appeals for the Second Circuit renders a decision on their contemplated appeal from final judgment in this action;

**NOW, THEREFORE**, it is finally

**ORDERED AND ADJUDGED** as follows:

(A) Plaintiffs' first and second claims for relief as to Sections 425.31(a), (c), (e) and (f), under the First and Fourteenth Amendments, respectively, and Plaintiffs' third claim for relief under the Free Exercise Clause, as to Sections 425.31(a), (c), (e), (f), and (h) are hereby DISMISSED with prejudice.

(B) Judgment for nominal damages in the amount of ONE DOLLAR ($1.00) is hereby entered in Plaintiffs' favor and against Defendant on Plaintiffs' First and Fourteenth Amendment claims for relief concerning the 2022 version of Section 425.31(h).

(C) Plaintiffs are prevailing parties who may apply for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 consistent with this final judgment;

(D) The Court shall retain jurisdiction over this action to enforce the final judgment and determine any attorneys' fees and costs in subsequent proceedings consistent with this judgment. As Plaintiffs have indicated they intend to appeal from this judgment and the Court's underlying orders, any application for attorneys' fees and costs is stayed pending resolution of that appeal. Any application for attorneys' fees and costs shall be due within twenty-one (21) days of the issuance of the Second Circuit's mandate.

Dated: White Plains, NY
October 1 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge